■ In the Matter of EMILIA BAER, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered September 4, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination denying petitioner's application for disability retirement benefits.

Pursuant to Education Law § 511 (1), a member of the State Teachers' Retirement System shall be retired on account of disability if certain conditions are met, including a finding by the retirement board that the "member is physically or mentally incapacitated for the performance of duty, that he was incapacitated at the time he ceased teaching and that said member ought to be retired". Respondent has adopted standards for determining disability retirement (see, 21 NYCRR 5020.1), which, according to petitioner, are much more stringent than the statutory requirement and constitute an attempt to "legislate" new conditions. The contention is rejected.

Our scope of review in cases such as this is limited to whether the determination was affected by an error of law or was arbitrary or capricious (Sherman v New York State Teachers' Retirement Sys., 50 NY2d 980). Where, as here, respondent has applied statutory language to a particular set of facts, we must decide whether there is a rational basis for respondent's application of the statutory language (Matter of Martone v New York State Teachers' Retirement Sys., 105 AD2d 511, 512).

Respondent adopted the recommendation of the medical board (see, Education Law § 507 [6]), which concluded that petitioner is not physically or mentally incapacitated from teaching within the meaning of Education Law § 511 (1) and was not so incapacitated at the time she ceased teaching. Based upon conflicting medical reports, the medical board found that petitioner was not and is not permanently and totally disabled from teaching. The board concluded that petitioner's condition constituted at most a permanent partial disability, but that this partial disability did not prevent petitioner from teaching. In view of the conflicting medical evidence, and considering the statutory requirement that a teacher be "physically or mentally incapacitated for the performance of duty" (Education Law § 511 [1]), it cannot be said that respondent's determination to adopt the medical board's recommendation is arbitrary or capricious, irrational or affected by an error of law.

Petitioner alleges that the school district by which she was employed filed charges against her, pursuant to Education Law § 3020-a, alleging, inter alia, that she was physically disabled from performing her teaching duties. Respondent cannot, petitioner argues, reach a contrary conclusion upon petitioner's application for disability retirement benefits. This argument, too, must be rejected, for the exclusive authority to pass upon a teacher's application for disability retirement

rests with respondent, not the individual school districts (Education Law § 511). It is also noteworthy that in disposing of the charges, petitioner and the school district did not pursue the hearing and appeal procedures of Education Law § 3020-a, but instead reached some type of agreement.

For these reasons, Special Term properly dismissed the petition and its judgment should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.