■ In the Matter of Gail D. Gatewood, Petitioner, v Thomas P. DiNapoli, as New York State Comptroller, Respondent. [876 NYS2d 180]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner ceased working as a licensed practical nurse and submitted an application for ordinary disability retirement benefits premised on permanent disability resulting from, among other ailments, chronic pain due to scoliosis, cervical neck disease and costochondritis. Her application was disapproved by the New York State and Local Retirement System. Petitioner sought a redetermination, and a Hearing Officer found that she failed to establish that she was permanently incapacitated from the performance of her duties and denied her application. When respondent accepted those findings, petitioner commenced this CPLR article 78 proceeding challenging his determination.

As an applicant for disability retirement benefits, petitioner bore the burden of proving that she was permanently incapacitated from performing her duties as a licensed practical nurse (see Matter of Mainzer v DiNapoli, 52 AD3d 1167, 1167 [2008]). In attempting to do so, petitioner offered the report of an independent medical examiner who concluded, after examining her at the request of the Retirement System, that she was permanently disabled and unable to perform the functions of her job. Testifying that she suffered constant pain in her neck, lower back, knees and left elbow, petitioner also submitted medical records describing her treatment, by a number of physicians, for those infirmities. However, two of those physicians, despite being asked whether petitioner was permanently disabled, failed to indicate that she was.

In rebutting petitioner's evidence, the Retirement System offered the testimony of a second independent medical examiner who reached the opposite conclusion regarding petitioner's ability to perform the duties associated with her employment. That physician testified that he observed numerous inconsistencies between petitioner's professed inability to move a specific body part when he attempted to test her range of motion, as compared to her ability to readily move it when it was not being tested. Based on that evaluation, as well as his review of petitioner's medical file, the medical examiner concluded that she was not permanently incapacitated.

Where, as here, there is conflicting medical evidence, respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another (*see Matter of Johnson v New York State & Local Retirement Sys.*, 54 AD3d 1130, 1131 [2008]). Inasmuch as the credited expert's articulated opinion was rational, fact-based, and founded upon a physical examination and review of relevant medical reports and records, we decline to disturb respondent's determination, notwithstanding evidence in the record that may have supported a contrary conclusion (*see Matter of Doran v New York State & Local Police & Fire Retirement Sys.*, 56 AD3d 922, 923 [2008]).

Cardona, P.J., Kane, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.