■ In the Matter of DONALD LANDGREBE, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [909 NYS2d 553]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental disability and performance of duty disability retirement benefits.

Petitioner applied for accidental disability and performance of duty disability retirement benefits alleging that he was permanently incapacitated from performing his job duties as a correction officer due to work-related injuries suffered to his neck and shoulders in July 2001. Following hearings, the Hearing Officer found that petitioner's injuries were causally related to his employment but denied both applications on the ground that petitioner failed to establish that he was permanently incapacitated. Respondent adopted this determination, prompting this CPLR article 78 proceeding.

We confirm. As the applicant for benefits, it was incumbent on petitioner to establish that he was permanently disabled from performing his duties as a correction officer (*see Matter of Ragno v DiNapoli*, 68 AD3d 1342, 1343 [2009]). Petitioner testified that due to his injuries, which resulted in surgery to repair a torn rotator cuff in his right shoulder, he had problems lifting things and could not reach over his head on account of the pain. Further, he testified that he is unable to do many of his job-related duties as a result of hand tremors and numbness in his fingers and hands. Petitioner also proffered statements of disability from his surgeon, a treating physician and his chiropractor, which all indicated that petitioner was permanently disabled because of injuries to his shoulders. In contrast, the New York State and Local Retirement System presented the medical report and testimony of Mary Godesky, an orthopedic surgeon,

who examined petitioner and reviewed his medical records. Godesky concluded that petitioner was not permanently disabled. She opined that, although petitioner exhibited a limited range of motion of his shoulders, he had not undergone further rehabilitative steps after his surgery beyond physical therapy that, in her opinion, were "extremely effective in improving range of motion." Godesky further opined that petitioner exhibited symptom magnification and that his hand tremors had no neurological explanation. The Retirement System also proffered the medical report of neurologist Alexander Rimalovski, who examined petitioner and found no objective evidence of a permanent impairment of petitioner's nervous system. He further opined that the tremors reported by petitioner were not an organic manifestation but were, instead, under the volitional control of petitioner.

"Where, as here, there is conflicting medical evidence, respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (*Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1267 [2009] [citation omitted]; *accord Matter of Neely v DiNapoli*, 71 AD3d 1367, 1369 [2010]). Inasmuch as Godesky and Rimalovski articulated rational and fact-based opinions based upon their physical examination of petitioner and his medical records, respondent's determination is supported by substantial evidence and we decline to disturb it (*see Matter of Hayes v DiNapoli*, 74 AD3d 1545, 1546 [2010]; *Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1236 [2010]).

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.