■ In the Matter of Stephen C. Caruana, Petitioner, v Thomas P. DiNapoli, as Comptroller of the State of New York, et al., Respondents. [910 NYS2d 250]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, applied for accidental disability retirement benefits in March 2006, claiming that he was

permanently incapacitated due to neck and back injuries[1] that he sustained as the result of three work-related incidents occurring in 1982, 1987 and 2003. After his application was initially disapproved, petitioner requested a redetermination and hearings were held. Following the hearings, at which respondent New York State and Local Retirement System conceded that petitioner was permanently incapacitated, a Hearing Officer concluded that petitioner had failed to establish that such incapacity was caused by either the 1987 incident or the 2003 incident[2] and denied his application. Respondent Comptroller upheld the Hearing Officer's determination, prompting this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's assertion, he bore the burden of proving that his incapacity was the natural and proximate result of the alleged incidents (see Retirement and Social Security Law § 363; Matter of Fiore v McCall, 251 AD2d 940, 940-941 [1998]). Moreover, in deciding whether petitioner has satisfied this burden, the Comptroller is empowered to weigh conflicting medical evidence and to credit the opinion of one expert over that of another (see Matter of Eddie v DiNapoli, 72 AD3d 1326, 1327 [2010]). Here, an orthopedic surgeon who performed spinal fusion surgery on petitioner in 2007 opined that petitioner's condition was related to the incident in 1987. Petitioner's chiropractor likewise testified that petitioner's disability was caused by the 1987 and 2003 incidents.

Austin Leve, a board-certified orthopedic surgeon who examined petitioner and reviewed his medical records in August 2006 on behalf of the Retirement System, reached a contrary conclusion. Indeed, Leve opined that neither the 1987 incident nor the 2003 incident resulted in a significant enough injury to render petitioner permanently incapacitated; in doing so, he noted that petitioner did not miss any time from work following either incident. Although Leve did observe degenerative changes in petitioner's neck, he maintained that such changes were "due to the natural course and progression of aging" rather than trauma, and that petitioner's permanent disability was not causally related to either of the two work-related incidents.[3] Accordingly, inasmuch as Leve articulated a rational and fact-

1. While injuries to petitioner's hip and knee were also cited, such injuries were alleged to have exacerbated his neck and back pain.

2. At the initial hearing, petitioner conceded that the 1982 incident did not constitute an accident within the meaning of the Retirement and Social Security Law and his injuries were not related to that event.

3. Although Leve found no permanent incapacity in 2006, he changed this opinion following petitioner's spinal fusion surgery in 2007. His revised opinion was based entirely on the surgery which, according to him, resulted in

based opinion founded upon his review of pertinent medical records and a physical examination of petitioner, the Comptroller's decision is supported by substantial evidence and we decline to disturb it (see Matter of Stern v DiNapoli, 57 AD3d 1076, 1077-1078 [2008]).

To the extent not specifically addressed herein, petitioner's remaining contentions have been reviewed and are determined to be without merit.

Cardona, P.J., Mercure, Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

a "loss of motion at the fused segments and . . . vulnerability of the adjacent levels with the degenerative involvement." However, he continued to maintain that there was still no casual relationship between the work-related incidents and petitioner's disability.