In the Matter of DION CUTTINO, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [915 NYS2d 413]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner is a correction corporal who injured his head, neck and left shoulder in a work-related fall in 2003. He missed three months of work, returned to light duty for two months and then worked full duty until 2005, when he underwent left shoulder surgery to repair a torn labrum and rotator cuff. Since his surgery, petitioner has worked light duty as the supervisor of the mail room. He applied for performance of duty disability retirement benefits in 2006, alleging that he was permanently disabled from performing his job duties. Respondent Comptroller denied the application on the basis that petitioner failed to establish that he was permanently disabled, prompting this CPLR article 78 proceeding. We confirm.

Petitioner bore the burden of proving that he was permanently disabled from the performance of his duties (see Matter of Landgrebe v DiNapoli, 77 AD3d 1047, 1047 [2010]; Matter of Ragno v DiNapoli, 68 AD3d 1342, 1343 [2009]). When there is conflicting medical evidence, the Comptroller is exclusively authorized to weigh and credit one expert's opinion over that of another (see Matter of Gatewood v DiNapoli, 60 AD3d 1266, 1267 [2009]; Matter of Johnson v New York State & Local Retirement Sys., 54 AD3d 1130, 1131 [2008]). We will not disturb the Comptroller's determination where the opinion relied upon is rational, fact-based and founded upon a physical examination and a review of the relevant medical records (see Matter of Landgrebe v DiNapoli, 77 AD3d at 1048; Matter of Gatewood v DiNapoli, 60 AD3d at 1267).

Petitioner's treating orthopedic surgeon, Mitchell Goldstein, testified that petitioner continued to complain of pain in his shoulder following surgery and had limited range of motion,

leading to a postsurgical diagnosis of left shoulder pain, adhesive capsulitis and cervical sprain strain. In light of the foregoing, Goldstein opined that petitioner was permanently incapacitated from performing the duties of his employment. To rebut petitioner's evidence, respondent New York State and Local Employees' Retirement System relied on the report and testimony of Edward Toriello, a board-certified orthopedic surgeon, as well as the report of Steven Schwartz, a neurologist. Toriello testified that, based upon his physical examination of petitioner in 2007 and his review of the medical records, petitioner had fully recovered from his surgery and there was no evidence of an orthopedic disability that would prevent him from performing his job duties. As for the neurological complaints, Schwartz concluded that they, too, would not interfere with the performance of petitioner's job.

Petitioner's challenges to Toriello's conclusion—that it was based on a review of irrelevant records and an inadequate examination—are not supported by the record. Although inapplicable medical reports apparently pertaining to the lower extremities of a different patient were mistakenly submitted to Toriello for his review, the record is clear that he did not rely on them. Instead, he based his opinion as to the condition of petitioner's shoulder on his physical examination, which was limited to the cervical spine and upper extremities, and his review of the relevant operative report. Indeed, petitioner's counsel conceded that Toriello had reviewed the relevant records. As for petitioner's claim that the physical examination was too brief, there is no evidence that the examination was inadequate for Toriello to determine the range of motion, strength and lack of muscle atrophy of petitioner's upper extremities. Finally, petitioner's challenges to the hearsay nature of Schwartz's report and his inability to cross-examine Schwartz are also unavailing as petitioner waived any objection to the report's admission or consideration by expressly consenting to its introduction (*see Matter of Feldon v New York State Comptroller*, 69 AD3d 1092, 1092 [2010], *lv denied* 15 NY3d 702 [2010]).

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.