■ In the Matter of the Claim of STEPHANIE GOLDSTEIN, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIRE-MENT SYSTEM et al., Respondents. [919 NYS2d 239]—

Mercure, J.P.

Petitioner was employed as a registered nurse for Warren County Health Services and served as a visiting nurse, performing home visits. In March 1997, while driving between patient visits, petitioner was involved in an automobile accident and sustained, among other things, an injury to her back. Petitioner attempted to resume her duties four weeks later, but after working for three days, she ceased working altogether. In January 2000, petitioner applied for disability retirement benefits on the ground that the injury to her lower back sustained in the March 1997 automobile accident permanently incapacitated her from performing her duties as a registered nurse. Her application was denied and, following a hearing, respondent Comptroller upheld that determination, and petitioner initiated this CPLR article 78 proceeding.

We confirm. In order to establish eligibility for disability retirement benefits, petitioner has the burden of proving that she "is physically or mentally incapacitated for the performance of gainful employment, and that [she] was so incapacitated *at the time [she] ceased [her] performance of duties* and ought to be retired for disability" (Retirement and Social Security Law § 605 [c] [emphasis added]; *see Matter of Salik v New York State & Local Employees' Retirement Sys.*, 69 AD3d 1029, 1030 [2010]; *Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1266 [2009]). Here, although petitioner ceased performing her duties in April 1997, the only medical evidence put forth regarding her disability was the testimony of an orthopedic surgeon who first

examined petitioner in August 2006 and opined that, at the time of the hearing, petitioner's prognosis was good but she was nonetheless unable to perform her duties as a visiting nurse. Notably, petitioner's witness testified that she suffered from degenerative disc disease and could offer no opinion as to the nature of petitioner's disability previous to his first examination in 2006. On the other hand, the medical evidence offered from the period during which petitioner ceased her performance of duties indicated that petitioner was not permanently incapacitated. Accordingly, we find that substantial evidence supports the Comptroller's decision (*see Matter of Salik v New York State & Local Employees' Retirement Sys.*, 69 AD3d at 1030; *Matter of Dingee v DiNapoli*, 56 AD3d 876, 877 [2008]).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Rose, Malone Jr., Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.