■ In the Matter of DIANE KEPPEL, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [922 NYS2d 641]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for disability retirement benefits.

Petitioner, a medical service specialist for the Suffolk County Department of Social Services, worked in that capacity from August 1995 until March 2005, when she was advised by her treating physician to discontinue working. Following a heart procedure and an operation on her neck, petitioner applied for disability retirement benefits in March 2006 based upon an alleged permanent disability resulting from ailments to her neck, back and heart. The New York State and Local Employees' Retirement System denied the application in June 2007, and again in October 2008, finding that petitioner had not established permanent incapacity. In February 2008, petitioner again applied for disability retirement benefits based upon her prior ailments as well as central nervous system Lyme disease. In May 2008, that application was also denied by the Retirement System on the basis that the application had not been timely filed. Petitioner timely requested a hearing and redetermination on both applications and, following a hearing, the Hearing Officer sustained both initial determinations. Respondent Comptroller accepted the Hearing Officer's findings, and petitioner commenced this CPLR article 78 proceeding.

We confirm. Following an independent medical examination in October 2006 to assess petitioner's orthopedic maladies, Jeffrey Meyer opined that she was disabled, but that it was too early to determine whether that disability would be permanent. In February 2007, Richard Joseph examined petitioner with regard to her heart condition and determined that she was not limited in performing in her position as a medical specialist nurse. Thus, despite contrary medical evidence introduced by petitioner, we find that substantial evidence supports the Comptroller's determination that she failed to meet her burden of establishing that she was permanently disabled (*see Matter of Rogers v DiNapoli*, 78 AD3d 1472, 1473 [2010]; *Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1237 [2010]).

We also find the determination that petitioner's February 6, 2008 application was untimely is supported by substantial evidence. In the case of an applicant who is placed on a leave of absence for medical reasons without pay, an application for disability retirement must be filed not later than 12 months after the date the employee received notice that his or her employment has been terminated (*see* Retirement and Social Security Law § 605 [b] [2]). Petitioner's last possible day of employment was November 29, 2006 when her leave of absence without pay ended. In October 2006, petitioner was notified by her employer that her options on November 29, 2006 were to return to full duty or resign. Petitioner did not return to full duty and, thus, her application for disability retirement benefits was required, pursuant to Retirement and Social Security Law § 605 (b) (2), to be filed by November 29, 2007.

Likewise, an applicant who receives workers' compensation benefit payments, and whose employment has not ended as the result of resignation or termination, will be considered to be in service for a period not exceeding two years from the last date the applicant was paid on the payroll (*see* 2 NYCRR 309.4). Here, it is undisputed that petitioner's last day on the payroll was December 4, 2005. Her February 2008 application was more than two years after her last day on the payroll and, accordingly, was also untimely under 2 NYCRR 309.4.

We have examined petitioner's remaining contentions and find them to be either unpreserved or without merit.

Peters, J.P., Rose, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.