■ In the Matter of ANDREW S. BIRO, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [926 NYS2d 715]—

---

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for disability and performance of duty disability retirement benefits.

Petitioner, a correction officer, injured his right shoulder in an altercation with an inmate in October 2007. Although he returned to light duty shortly after the incident, he underwent shoulder surgery in January 2008 and never returned to work. In March 2008, petitioner applied for enhanced disability retirement benefits under Retirement and Social Security Law § 507-a and performance of duty disability retirement benefits. He retired from his position in August 2008. The applications were initially denied and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer upheld the denial of the applications, finding that petitioner was not permanently incapacitated from the performance of his duties. Respondent adopted the findings and conclusions of the Hearing Officer, prompting this CPLR article 78 proceeding.

We confirm. As an applicant for disability retirement benefits, petitioner bore the burden of establishing that he is permanently disabled from performing his duties as a correction officer (see Matter of Landgrebe v DiNapoli, 77 AD3d 1047, 1047 [2010]; Matter of Cavalieri v New York State & Local Retirement Sys., 53 AD3d 906, 907 [2008]). Petitioner testified that due to the injury, he has lost strength and he believes that he is unable to perform his work duties, including restraining inmates and protecting himself, other correction officers and inmates from harm. He also testified that he does not believe that he would be able to pass the various certifications regarding firearm usage required of correction officers. Petitioner also offered the reports of his orthopedic surgeon, which indicate that petitioner was totally disabled in March 2008, at the time he applied for disability retirement benefits. We note, however, that in July 2008, the surgeon reported that petitioner was able to go back to full duty work as a correction officer as of August 11, 2008. Instead, however, petitioner chose to retire on that date. The record also reflects that subsequent reports from petitioner's orthopedic surgeon are inconsistent, indicating that petitioner had returned to work without restrictions, although petitioner testified that he had already retired by that time, and also indicating that he was permanently disabled.

In contrast, the New York State and Local Retirement System

presented the medical report of an orthopedic surgeon who examined petitioner and his medical records on its behalf. Based upon this examination, the Retirement System's expert reported that petitioner had improved significantly since the surgery and unequivocally opined that petitioner is not permanently disabled from performing his duties as a correction officer. To the extent that conflicting medical evidence was presented, "respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (*Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1267 [2009]). Here, in denying the applications, respondent credited the opinion of the Retirement System's expert, as well as that portion of the opinion of petitioner's expert that found petitioner able to return to full duty prior to his retirement. Inasmuch as the medical evidence relied on was rational and fact-based, founded upon a physical examination of petitioner and a review of his medical records, respondent's determination is supported by substantial evidence and will not be disturbed (*see Matter of Brady v DiNapoli*, 77 AD3d 1041, 1043 [2010]; *Matter of Clorofilla v Hevesi*, 38 AD3d 1126, 1126-1127 [2007]).

Rose, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.