■ In the Matter of Thomas R. O'Connor, Petitioner, v Thomas P. DiNapoli, as State Comptroller, Respondent. [936 NYS2d 332]—

Stein, J.

Petitioner filed an application for accidental disability retirement benefits claiming that he was permanently incapacitated from the performance of his duties as a police officer as a result of injuries sustained in a workplace accident on August 23, 2004. Petitioner's application was initially denied and he sought a hearing and redetermination. The Hearing Officer found that petitioner is permanently incapacitated from his employment for psychiatric reasons, but that petitioner's psychiatric condition is not causally related to the workplace accident of August 23, 2004. The Hearing Officer further found that, although petitioner's back injury is causally related to the subject accident, that injury does not render him permanently incapacitated from the performance of his job duties. Accordingly, the Hearing Officer denied petitioner's application for accidental disability retirement benefits. Upon review, respondent upheld the Hearing Officer's determination, prompting petitioner to commence this proceeding.

As an applicant for disability retirement benefits, petitioner bore the burden of establishing that he is permanently incapacitated from performing his job duties as the natural and proximate result of the identified accident (*see* Retirement and Social Security Law § 363; *Matter of Caruana v DiNapoli*, 78 AD3d 1302, 1303 [2010], *lv denied* 16 NY3d 705 [2011]). The record here contains conflicting reports from several experts as to whether petitioner's psychiatric disability is causally related to the accident of August 23, 2004. In addition, the record contains conflicting proof concerning whether petitioner is permanently incapacitated from performing his job duties as a result of his low back injury. Respondent has the authority to resolve such conflicting evidence and to credit the opinion of one medical expert over that of another (*see Matter of Caruana v DiNapoli*, 78 AD3d at 1303; *Matter of Farrell v New York State Comptroller*, 57 AD3d 1081, 1083 [2008]). Inasmuch as the expert opinions—which were based upon a review of relevant medical records and the physical examination of petitioner—relied upon by respondent are rational, we conclude that respondent's determination is supported by substantial evidence and we will not disturb it (*see Matter of Caruana v DiNapoli*, 78 AD3d at 1303; *Matter of Kilkenny v McCall*, 285 AD2d 911, 911 [2001]), despite evidence in the record that might support a contrary result (*see Matter of Brady v DiNapoli*, 77 AD3d 1041, 1043 [2010]).

Spain, J.P., Rose, Malone Jr. and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.