In the Matter of MICHAEL D. KUTZMA, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [935 NYS2d 667]—

Garry, J.

Petitioner, a court officer, was injured in an altercation outside a courtroom in 2005. He subsequently applied for accidental disability retirement benefits, alleging that he was permanently incapacitated from performing his job duties as a result of his injuries. The application was denied and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer upheld the denial, finding that petitioner was not permanently incapacitated from performing his job duties. Respondent Comptroller made supplemental findings of fact but otherwise adopted the Hearing Officer's finding, prompting this CPLR article 78 proceeding.

We confirm. An applicant for accidental disability retirement benefits bears the burden of establishing that he or she is permanently incapacitated from performing his or her job duties (*see Matter of Annis v Murray*, 81 AD3d 1074, 1075 [2011]; *Matter of Girsh v DiNapoli*, 79 AD3d 1444, 1444 [2010]). Further, "in deciding whether [a] petitioner has satisfied this burden, the Comptroller is empowered to weigh conflicting medical evidence and to credit the opinion of one expert over that of another" (*Matter of Caruana v DiNapoli*, 78 AD3d 1302, 1303 [2010], *lv denied* 16 NY3d 705 [2011]). Here, petitioner presented the testimony and medical report of orthopedic surgeon Mitchell Goldstein, who diagnosed petitioner with tendinitis of the right elbow, neuritis and complex regional pain syndrome. Based upon this diagnosis, Goldstein opined that petitioner is permanently incapacitated from performing his job duties. In contrast, respondent New York State and Local Employees' Retirement System presented the medical report of Leon Sultan, an orthopedic surgeon who examined petitioner on its behalf. Based upon his examination, Sultan found no signs of complex regional pain syndrome and opined that there was no permanent orthopedic or neurological impairments preventing petitioner from performing his job duties.

Initially, we reject petitioner's contention that the Comptroller improperly relied on Sultan's report based upon the fact that Sultan did not testify at the hearing. Petitioner neither

objected to the admission of the written report nor requested that Sultan testify. By failing to object to the report, petitioner waived any objection to its admissibility, and by failing to call Sultan as a witness, he waived his claim that he was deprived of the opportunity for cross-examination (*see Matter of Murray v New York State Comptroller*, 84 AD3d 1681, 1681-1682 [2011]). Further, although Sultan apparently misidentified one of the pain medications that petitioner had been prescribed, this error did not significantly undermine the reliability of his opinion regarding permanency. Sultan presented a rational and fact-based opinion based upon his physical examination of petitioner and a review of his medical records. Accordingly, the Comptroller's decision is supported by substantial evidence and will not be disturbed, despite evidence in the record supporting a different conclusion (*see Matter of Hodio v DiNapoli*, 84 AD3d 1686, 1686 [2011]; *Matter of Brady v DiNapoli*, 77 AD3d 1041, 1043 [2010]).

Rose, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.