■ In the Matter of GAIL ARROYO, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [939 NYS2d 670]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner was employed as a school security guard for the Central Islip Union Free School District when in 2001, and

again in May 2005, she sustained injuries while intervening in altercations involving members of the student body. In January 2007, petitioner applied for disability retirement benefits claiming that she was permanently incapacitated as the result of injuries to her neck, back and legs that she sustained in these incidents. After the New York State and Local Employees' Retirement System denied petitioner's application, a hearing was held and her application for disability retirement benefits was again denied. Petitioner subsequently commenced this CPLR article 78 proceeding.

We confirm. To be entitled to such benefits, petitioner had the burden of proving that she "is physically . . . incapacitated for the performance of gainful employment, and that [she] was so incapacitated at the time [she] ceased [her] performance of duties and ought to be retired for disability" (Retirement and Social Security Law § 605 [c]; *see Matter of Keppel v DiNapoli*, 84 AD3d 1551, 1552 [2011]; *Matter of Goldstein v New York State & Local Employees' Retirement Sys.*, 82 AD3d 1482, 1482 [2011]). Here, petitioner's treating physician testified at the hearing that her injuries resulted in limitations on her ability to carry objects and to sit and stand for prolonged periods during the work day, and that even with surgery, petitioner would not be able to return to work because she was permanently disabled. However, a board-certified orthopedic surgeon, who examined petitioner and reviewed her medical records for the Retirement System, concluded that petitioner was not disabled as the result of any orthopedic injury, and reported that the cervical, lower back and shoulder strains she suffered in these incidents had all resolved. Moreover, he indicated that petitioner did not require further orthopedic treatment or physical therapy and that, in his opinion, she was not disabled from performing her duties as a school security guard.

"Where, as here, there is conflicting medical evidence, respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (*Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1267 [2009] [citation omitted]). Respondent, upon review of the entire record, found the opinion of the Retirement System's physican regarding petitioner's condition more credible than those opinions offered by her treating physicians, and that petitioner did not establish that she was permanently disabled (*see Matter of Keppel v DiNapoli*, 84 AD3d at 1552; *Matter of Gatewood v DiNapoli*, 60 AD3d at 1267). Given that the medical opinion adopted by respondent was based on a physical examination of petitioner, as well as a review of relevant medical records, his

determination that petitioner had failed to meet her burden establishing that she was permanently disabled had a rational basis and was supported by substantial evidence.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.