■ In the Matter of WILLIAM F. COOKE, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [947 NYS2d 680]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police lieutenant, sustained an injury in August 2006 when his right knee struck a cement sidewalk while he was attempting to subdue a suspect. As a result of the injury, petitioner applied for accidental disability retirement benefits in August 2007. Following a hearing and the submission of medical documentation, respondent denied petitioner's application on the basis that he was not permanently incapacitated from performing his duties. Petitioner commenced this CPLR article 78 proceeding, and we now confirm.

An applicant seeking accidental disability retirement benefits bears the burden of demonstrating that he or she is permanently incapacitated from performing his or her job duties (see Matter of Capraro v DiNapoli, 91 AD3d 1020, 1021 [2012]; Matter of Kutzma v New York State Comptroller, 90 AD3d 1291, 1291 [2011]). The resolution of conflicting medical opinions and credibility assessments are within the authority of respondent (see Matter of Mazzei v DiNapoli, 90 AD3d 1458, 1459 [2011]; Matter of O'Connor v DiNapoli, 89 AD3d 1367, 1368 [2011]). Here, respondent relied upon the reports of a board-certified orthopedist, who performed an independent medical examination, reviewed petitioner's records and opined that he was not permanently disabled. Notably, although petitioner submitted medical evidence that he was presently unable to perform his job duties, he submitted no definitive opinion that he was permanently incapacitated. As such, we find respondent's determination supported by substantial evidence (see Matter of Mazzei v DiNapoli, 90 AD3d at 1459; Matter of O'Connor v DiNapoli, 89 AD3d at 1368).

Peters, P.J., Spain, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.