*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 28, 2016                    521665
_____

In the Matter of MATTHEW
    ALIPERTI,
                        Petitioner,

        v                                              MEMORANDUM AND JUDGMENT

THOMAS P. DINAPOLI, as State
    Comptroller,
                        Respondent.
_____

Calendar Date:  March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Bartlett, McDonough & Monaghan, LLP, White Plains (Michael Catallo of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

_____

Clark, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.

        Petitioner, a former custodian for the Hawthorne Cedar Knolls School District, applied for performance of duty disability retirement benefits claiming that he was permanently incapacitated and unable to perform his regular job duties due to injuries to his neck and back.  Petitioner's application was denied, and he requested a hearing and redetermination.

Following that hearing, a Hearing Officer found that petitioner is not permanently disabled from performing his duties as a custodian and, upon review, respondent affirmed. Petitioner then commenced this CPLR article 78 proceeding, which was transferred to this Court.

We confirm. "As an applicant for accidental disability retirement benefits, petitioner bore the burden of proving that, among other things, []he is permanently incapacitated from performing [his] job duties" (Matter of Anderson v DiNapoli, 126 AD3d 1278, 1278 [2015] [citations omitted]; see Matter of Weldon v DiNapoli, 120 AD3d 869, 869 [2014], lv denied 24 NY3d 914 [2015]). Moreover, it is well settled that respondent is vested with the authority to resolve conflicting medical evidence in that regard and to credit one expert's opinion over another, and his determination will be sustained if supported by substantial evidence (see Matter of Cepeda v New York State Comptroller, 115 AD3d 1146, 1146-1147 [2014], lv denied 23 NY3d 906 [2014]; Matter of Arroyo v DiNapoli, 93 AD3d 980, 981 [2012]). Here, consistent with petitioner's testimony that he takes 13 prescribed medications to treat, among other things, the herniated discs in his back and neck, which substantially limit his mobility and dexterity, cause him pain and produce numbness in his extremities, Emad Soliman, petitioner's treating neurologist, testified that petitioner suffers from, among other things, cervical or lumbar radiculopathy that renders him permanently disabled and unable to perform his job duties as a custodian. Similarly, Eugene Liu, a physician who treated petitioner's reported pain with numerous epidural steroid injections and lumbar facet blocks, also concluded that petitioner is permanently disabled and unable to perform his job duties.

In stark contrast to the views expressed by petitioner's treating physicians, Elliott Gross, a board-certified neurologist who conducted a physical examination of petitioner and reviewed the medical records and history provided by petitioner, concluded that petitioner had symptoms of lumbar radiculopathy, but found no evidence of cervical radiculopathy or herniations to his back or spine and that he was, therefore, not permanently incapacitated and able to work as a custodian. Gross testified that his physical examination of petitioner did not reveal any

evidence of disabling conditions or substantiate a pathological diagnosis underlying petitioner's reported symptoms and that petitioner had average and moderate degenerative disc disease for his age.  Gross further opined that his examination of petitioner revealed that he had normal strength, no atrophy of the arms or legs, no evidence of loss of function in any of his muscles and no balance issues.

The Hearing Officer credited Gross's conclusions over those of petitioner's physicians, noting that there was an "almost total disconnect" between petitioner's objectively verifiable complaints and his subjective ones and that the credibility of petitioner's physicians was suspect insofar as they, among other things, subjected petitioner to a "shockingly inappropriate regimen of testing and medications," which might have caused or contributed to many of his symptoms, and a "virtually unprecedented number of epidural injections and powerful narcotic and other strong medicines based on [their] diagnostic conclusions."  Inasmuch as Gross offered a rational fact-based opinion premised upon physical examination of petitioner and a comprehensive review of his pertinent medical records and history provided by petitioner (see Matter of Calhoun v New York State & Local Employees' Retirement Sys., 112 AD3d 1172, 1174 [2013]), Gross' testimony, which respondent found credible, provided substantial evidence to support respondent's finding that petitioner was not permanently incapacitated from the performance of his duties.  Accordingly, despite the existence of other evidence that might support a different conclusion, we discern no basis upon which to disturb respondent's denial of petitioner's application for accidental and performance of duty disability retirement benefits (see Matter of Gonzalez v DiNapoli, 133 AD3d 1078, 1079 [2015]; Matter of Anderson v DiNapoli, 126 AD3d at 1279; Matter of Cepeda v New York State Comptroller, 115 AD3d at 1147; Matter of Arroyo v DiNapoli, 93 AD3d at 981; Matter of Hulse v DiNapoli, 70 AD3d 1235, 1236-1237 [2010]).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court