*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 22, 2016                    523115
_____

In the Matter of VINCENT E.
    SOMUK,
                        Petitioner,

        v
                                              MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                        Respondent.
_____

Calendar Date:   November 16, 2016

Before:   Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

                        _____


        Bartlett, McDonough & Monaghan, LLP, White Plains (Nicholas
Switach of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William A.
Storrs of counsel), for respondent.

                        _____


Clark, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent denying petitioner's
application for accidental disability retirement benefits.

        Petitioner worked as a police officer for 20 years.  On
September 14, 2007, he stopped a vehicle as part of a routine
safety check and was issuing a ticket when he was struck in the
mid-back by the side mirror of a passing motor vehicle.
Petitioner received medical treatment for this injury and was out
of work for approximately 8½ months, but he returned to work
thereafter and was able to perform his regular job duties.  On

August 19, 2010, petitioner and another officer responded to a call concerning a man who was acting irrationally and running down the street partially naked. The other officer managed to take the man to the ground and attempted to restrain him as he struggled violently. Petitioner was applying handcuffs when the man struck and kicked him, resulting in an injury to petitioner's lower back. Petitioner was unable to return to work following this incident.

Thereafter, petitioner applied for accidental disability retirement benefits with respect to both incidents and his application was denied by the New York State and Local Police and Fire Retirement System. Petitioner requested a hearing and, at its conclusion, the Hearing Officer upheld the denial, finding that the August 19, 2010 incident did not constitute an accident within the meaning of the Retirement and Social Security Law and that petitioner was not permanently incapacitated as the natural and proximate result of the accident occurring on September 14, 2007. Respondent adopted the Hearing Officer's decision and this CPLR article 78 proceeding ensued.

Initially, it is well settled that, for purposes of the Retirement and Social Security Law, an accident is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; see Matter of Lamb v DiNapoli, 139 AD3d 1312, 1312-1313 [2016]). The burden is on the party seeking benefits to establish that the injury-producing event was an accident within the meaning of the Retirement and Social Security Law (see Matter of Magistro v DiNapoli, 142 AD3d 750, 751 [2016]; Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015]). Notably, injuries that occur as the result of activities undertaken in the ordinary course of one's job duties or that are due to an inherent risk of the work performed have been found not to be an accident (see Matter of Kelly v DiNapoli, 137 AD3d 1470, 1471 [2016]; Matter of Beckley v Nitido, 123 AD3d 1330, 1331 [2014]).

With regard to the August 2010 incident, petitioner was performing his regular police duties of responding to a call and

attempting to subdue an emotionally unstable individual at the time that he was injured. Physical contact with this individual, including being struck and kicked, could certainly be anticipated and was an inherent risk of the work performed (see Matter of Fulton v New York State Comptroller, 122 AD3d 983, 984 [2014], lv denied 24 NY3d 915 [2015]; Matter of Quartucio v DiNapoli, 110 AD3d 1336, 1337 [2013]; Matter of Jarosz v DiNapoli, 95 AD3d 1500, 1501 [2012]). Accordingly, substantial evidence supports respondent's finding that this incident did not constitute an accident under the Retirement and Social Security Law.

Although there is no dispute that the September 2007 incident did constitute an accident, the issue is whether petitioner's permanent incapacitation was the natural and proximate result thereof. The burden is on petitioner to establish that it was (see Matter of O'Connor v DiNapoli, 89 AD3d 1367, 1368 [2011]; Matter of Caruana v DiNapoli, 78 AD3d 1302, 1303 [2010], lv denied 16 NY3d 705 [2011]). Here, although the record contains medical notes and related documentation prepared by physicians who treated petitioner after the two incidents in question, these physicians did not prepare medical reports addressing whether the September 2007 accident caused petitioner's permanent disability nor did they testify at the hearing (see e.g. Matter of Garceau-Scopelitis v New York State Comptroller, 24 AD3d 934, 936 [2005]). The only physician to provide a specific medical opinion in this regard was John Mazella, the orthopedist who prepared a written report after examining petitioner on behalf of the Retirement System. After reviewing the medical documentation, which indicated, among other things, that petitioner had made a full recovery and was able to return to full duty after the September 2007 accident, Mazella opined that such accident was not the competent producing cause of petitioner's disability. His opinion is consistent with the diagnostic reports revealing that petitioner sustained injuries to different portions of his spine following each incident. In view of the foregoing, substantial evidence supports the finding that petitioner's permanent incapacitation was not the natural and proximate result of the September 14, 2007 accident, particularly in the absence of medical evidence to the contrary (see generally Matter of Morgan v Hevesi, 46 AD3d 1007, 1008 [2007], lv denied 11 NY3d 701 [2008]). Accordingly, we find no

reason to disturb respondent's determination.

Egan Jr., J.P., Lynch, Rose and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court