Matter of Schafer v New York State Teachers' Retirement Sys. (2019 NY Slip Op 06554)





Matter of Schafer v New York State Teachers' Retirement Sys.


2019 NY Slip Op 06554


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

528091

[*1]In the Matter of Cynthia Schafer, Appellant,
v
New York State Teachers' Retirement System, Respondent.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Law Office of Jeffrey L. Goldberg, PC, Port Washington (Jeffrey L. Goldberg of counsel), for appellant.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered May 18, 2019 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for disability retirement benefits.
Petitioner, an elementary school teacher, joined respondent in 2001 and is a tier IV member thereof.[FN1] In November 2014, petitioner applied for disability retirement benefits, citing rheumatoid arthritis and lupus as her disabling conditions, and subsequently resigned from her teaching position effective June 30, 2015. After considering the medical proof tendered by petitioner, respondent's Medical Board (see Education Law § 507 [6]; 21 NYCRR 5020.4 [a]) notified petitioner that it was recommending that her application be denied, as the documentation did not reflect that she was "totally and permanently disabled for the performance of all gainful employment." By letter dated January 31, 2017, respondent, through its Retirement Board, denied petitioner's application and, in May 2017, petitioner commenced this CPLR article 78 proceeding to challenge that determination.
By all accounts, respondent thereafter notified petitioner that she could submit updated medical information for possible reconsideration of her application by the Medical Board. Following service of respondent's answer, petitioner tendered additional information in December 2017, which respondent thereafter concluded did not afford a sufficient basis for reconsideration of petitioner's application for disability retirement benefits. Petitioner then moved to amend her petition to challenge respondent's refusal to reconsider her application, which respondent opposed. Supreme Court denied petitioner's motion to amend and dismissed the petition, finding that the underlying determination was rational. This appeal by petitioner ensued.
We affirm. As an applicant seeking disability retirement benefits under Retirement and Social Security Law § 605 (c), petitioner bore the burden of establishing that she was "totally and permanently disabled" and, further, "was so disabled at the time . . . she ceased [the] performance of [her] duties" (21 NYCRR 5020.3). Totally disabled means "physically or mentally incapacitated for the performance of gainful employment" (21 NYCRR 5020.3; see Matter of Arroyo v DiNapoli, 93 AD3d 980, 981 [2012]; Matter of Goldstein v New York State & Local Employees' Retirement Sys., 82 AD3d 1482, 1482 [2011]), which is defined as a "physical and/or mental activity [that petitioner] is regularly able to engage in as a means of earning a living" (21 NYCRR 5020.3). Where the record contains conflicting medical proof, "respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (Matter of Arroyo v DiNapoli, 93 AD3d at 981 [internal quotation marks and citations omitted]; see Topkin v Board of Educ. of City School Dist. of N.Y., 121 AD2d 531, 531 [1986]). Further, as respondent's determination here was rendered without a hearing, "our review is limited to whether it is arbitrary, capricious or without a rational basis" (Matter of Maillard v New York State Teachers' Retirement Sys., 57 AD3d 1299, 1300 [2008], lv denied 12 NY3d 705 [2009]; see Matter of Porco v New York State Teachers' Retirement Sys., 140 AD3d 1457, 1458 [2016]).
In support of her application, petitioner tendered her medical records and the reports of the physician who was treating her for rheumatoid arthritis. Those records reflect that petitioner's treating physician placed her on medical leave in April 2014 and, shortly thereafter, expressed the view that petitioner was unable to perform her teaching duties due to a chronic illness. Respondent then directed that petitioner undergo an independent medical examination by a board-certified rheumatologist and, in August 2016, the rheumatologist issued his report. Although the rheumatologist generally agreed that petitioner "had a history of probable rheumatoid arthritis," he found "no objective findings to support [a diagnosis of] either rheumatoid arthritis or lupus." In this regard, the rheumatologist noted that, although petitioner had "multiple subjective symptoms that seem[ed] to interfere with her function [a]s an elementary school teacher," petitioner's physical examination was normal, her blood work, which revealed no evidence of an autoimmune or inflammatory disease, was "totally normal" and there was no evidence "of any damage to her joints" — despite having been diagnosed with rheumatoid arthritis approximately eight years earlier. This absence of objective medical data prompted the rheumatologist to conclude that petitioner either did not in fact have rheumatoid arthritis or had been so successfully treated as "to keep the disease relatively quiet." For all of these reasons, the examining physician was unable to identify "any objective findings to confirm disability" as of the time of his examination of petitioner in July 2016.
Although petitioner criticizes the findings made by the rheumatologist, such physician's report is not — as petitioner contends — based upon conjecture but, rather, is grounded upon a physical examination of petitioner and a review of certain diagnostic tests (see e.g. Matter of Hanon v DiNapoli, 171 AD3d 1431, 1433-1434 [2019]; Matter of Ellrodt v DiNapoli, 169 AD3d 1128, 1129 [2019]). Further, and contrary to petitioner's assertion, the reports and findings made by her treating physician are not entitled to greater weight (see Matter of Solarino v DiNapoli, 171 AD3d 1434, 1437 [2019]; Matter of English v McCall, 6 AD3d 923, 925 [2004]). In short, respondent's denial of petitioner's application for disability retirement benefits is both rational and supported by the record as a whole and, as such, it will not be disturbed (see Topkin v Board of Educ. of City School Dist. of N.Y., 121 AD2d at 531; Matter of Baer v New York State Teachers' Retirement Sys., 114 AD2d 556, 557 [1985]).
With respect to petitioner's request for reconsideration of her application, we agree with respondent that the letter from petitioner's treating physician did not set forth any new medical data or information for the Medical Board's consideration, and the favorable disability finding rendered by the Social Security Administration was neither binding upon respondent nor dispositive of petitioner's application for disability retirement benefits (see Matter of Fusco v Teachers' Retirement Sys. of the City of N.Y., 136 AD3d 450, 451 [2016]).[FN2] Therefore, upon reviewing the record, we cannot say that respondent abused its discretion in denying petitioner's request for reconsideration, and the fact that respondent afforded petitioner the opportunity for further discretionary review did not render its January 2017 denial of her application "any less final" (Matter of Hogg-Chapman v New York State Teachers' Retirement Sys., 83 AD3d 1261, 1262 [2011]). For these reasons, petitioner's related assertion — that Supreme Court abused its discretion in denying her motion to amend her petition — is unpersuasive. Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Respondent is administered by its Retirement Board (see Education Law § 504 [1]). The Retirement Board, in turn, is responsible for appointing respondent's Medical Board (see Education Law § 507 [6]), the latter of which is tasked with reviewing applications for disability retirement benefits and recommending the approval or disapproval thereof (see Education Law § 507 [6]; 21 NYCRR 5020.4 [a]).

Footnote 2: Indeed, to the extent relevant, the Social Security Administration's finding that petitioner "has the residual functional capacity to perform sedentary work" actually undermines petitioner's claim that she is "physically or mentally incapacitated for the performance of gainful employment" for purposes of her application for disability retirement benefits (21 NYCRR 5020.3).