Matter of DeFazio v DiNapoli (2022 NY Slip Op 07105)

Matter of DeFazio v DiNapoli

2022 NY Slip Op 07105

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

533540
[*1]In the Matter of Catherine DeFazio, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for disability retirement benefits.
Petitioner was a head custodian for a public school district where she had worked for 28 years. She filed an application in January 2019 for disability retirement benefits pursuant to Retirement and Social Security Law § 605, alleging that she was permanently incapacitated from performing her job duties due to breathing problems and oxygen dependency stemming from exposure to chemicals at work. The application was initially denied on the ground that she was not permanently incapacitated from the performance of her custodial job duties. Following a hearing at which conflicting medical opinions were offered, her application was denied on the basis that she had not met her burden of proving permanent incapacitation and, upon review, respondent upheld and adopted that determination. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. Given the concession that petitioner had more than 10 years of service, the sole issue at the hearing was whether she was permanently incapacitated from performing her duties as a custodian (see Retirement and Social Security Law § 605 [b] [1]; [c]). To be entitled to such benefits, petitioner had the burden of proving that she is "physically . . . incapacitated for the performance of gainful employment, and that [she] was so incapacitated at the time [that she] ceased [her] performance of duties and ought to be retired for disability" (Retirement and Social Security Law § 605 [c]; see Matter of Aliperti v DiNapoli, 138 AD3d 1378, 1379 [3d Dept 2016]).
Petitioner testified regarding her custodial job duties, which included heavy lifting, cleaning and refinishing floors with chemicals. She stated that she has been intermittently oxygen-dependent and unable to work as a custodian since 2013 in that her breathing difficulties are triggered by chemicals and harsh odors. Petitioner's long-term treating internal medicine physician testified that she has recurrent episodes of wheezing and low oxygen saturation and, as a result, could not work with chemicals that irritate her lungs, sweep, climb ladders, move heavy objects or engage in other activities requiring physical exertion. He opined that petitioner was permanently incapacitated from performing her duties as a custodian. However, petitioner was examined by two independent medical examiners: Alan Berkower, an ear, nose and throat specialist, and Mitchell Horowitz, an internist with subspecialties in critical care medicine and pulmonary disease. Both reviewed her medical history and opined that while she had chronic lung disease and asthma, among other diagnoses, they found no evidence of a permanent disability or inability to perform her custodial duties. Horowitz and Berkower relied in part on the results of petitioner's [*2]spirometry tests, which measured her breathing ability and were normal, and concluded that the results did not support a finding of permanent disability or her claimed respiratory or asthma symptoms. Petitioner's treating physician did not review those test results and, while he offered his opinion as to why that test may not have produced consistent results for petitioner, that presented a conflicting opinion for respondent to resolve.
"Where, as here, there is conflicting medical evidence, respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (Matter of Arroyo v DiNapoli, 93 AD3d 980, 981 [3d Dept 2012] [internal quotation marks and citation omitted]; see Matter of Solarino v DiNapoli, 171 AD3d 1434, 1435 [3d Dept 2019]), "and his determination will be sustained if supported by substantial evidence" (Matter of Aliperti v DiNapoli, 138 AD3d at 1379; see Matter of County of Erie v DiNapoli, 180 AD3d 1137, 1140 [3d Dept 2020]). Given that the medical opinions credited and adopted by respondent were based upon physical examinations and review of relevant medical records and test results, his determination that petitioner failed to meet her burden of proof of establishing that she was permanently incapacitated from her custodial job duties is supported by substantial evidence and will not be disturbed (see Matter of County of Erie v DiNapoli, 180 AD3d at 1140; Matter of Aliperti v DiNapoli, 138 AD3d at 1379).
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.