Matter of Romano v DiNapoli (2024 NY Slip Op 03521)

Matter of Romano v DiNapoli

2024 NY Slip Op 03521

Decided on June 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 27, 2024

CV-23-0266
[*1]In the Matter of Josh Romano, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:June 4, 2024

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, McShan and Powers, JJ.

Schwab & Gasparini, PLLC, White Plains (James A. Resila of counsel), for petitioner.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.
Petitioner, a sergeant with the Westchester County Department of Corrections, applied for performance of duty disability retirement benefits in July 2016 (see Retirement and Social Security Law § 607-c), contending that he is permanently disabled as a result of injuries sustained to his right knee on August 12, 2014 while attempting to handcuff an unruly incarcerated individual.[FN1] Petitioner's application was denied on the ground that he was not permanently incapacitated from the performance of his duties. Following a hearing at which petitioner and his treating orthopedist testified that he could not perform many of the duties of a correction officer, a Hearing Officer sustained the denial of the application. The Hearing Officer credited the opinion of the orthopedic surgeon who conducted an independent medical examination of petitioner and concluded, among other findings, that petitioner did not have a permanent disability, over the contrary testimony of petitioner's treating orthopedist. Respondent accepted the findings of fact and conclusions of law set forth in the Hearing Officer's decision, and this CPLR article 78 proceeding followed.
We confirm. "In connection with any application for performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of Ellrodt v DiNapoli, 169 AD3d 1128, 1128-1129 [3d Dept 2019] [internal quotation marks, ellipsis and citations omitted]; see Matter of Frederick v New York State Comptroller, 204 AD3d 1292, 1292-1293 [3d Dept 2022]). "Where, as here, there is conflicting medical evidence, respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another," and this Court will defer to that assessment where supported by substantial evidence (Matter of Habaibeh v DiNapoli, 223 AD3d 1074, 1076 [3d Dept 2024] [internal quotation marks and citations omitted]).
The record establishes that, after petitioner's August 2014 injury, he had X-rays and an MRI, was diagnosed with swelling and meniscal tears, underwent physical therapy, was out of work for several weeks and then resumed full-time work as a correction officer until January 11, 2016, the last day that he worked. He had arthroscopic surgery the next day, January 12, 2016, to repair the meniscal tears, completed further physical therapy and had injection shots, and he retired on August 31, 2016. The New York State and Local Retirement System's orthopedist reviewed all of petitioner's medical records and his X-ray and MRI test results and examined him on May 21, 2018, finding no atrophy or swelling, close to normal range of [*2]motion, no tenderness, normal alignment and negative results on the physical assessment tests performed during the examination. Based upon her examination of petitioner and his test results, the orthopedist, who respondent credited, found no evidence of permanent disability and opined that he is able to perform the duties of his position as a correction officer. Contrary to petitioner's argument, the Hearing Officer correctly ruled that it was his burden to demonstrate that, at the time he applied for performance of duty disability retirement in July 2016, he was permanently incapacitated from performing his duties (see Matter of Ellrodt v DiNapoli, 169 AD3d at 1130).
Although claimant's treating orthopedist opined that he was permanently incapacitated, his first examination of petitioner was not until July 2019, five years after this incident, and his opinion was reliant upon the notes of his partners who had treated petitioner beginning in December 2015; he did not review all of petitioner's medical records, the only objective test result he reviewed was the May 2016 MRI, and he was unaware that petitioner had resumed his full work duties weeks after the incident through 2015, during which period petitioner performed over 1,000 hours of overtime. Respondent relied upon these shortcomings in the treating orthopedist's testimony and medical opinion, which he found was largely based upon petitioner's subjective complaints of pain, in declining to credit his permanency opinion as "not fact based." We defer to respondent's resolution of the conflicting medical evidence and his determination to credit the Retirement System's medical expert, whose opinion was based upon a physical examination and a review of the medical records and tests results, where, as here, the opinion is supported by substantial evidence (see Matter of Habaibeh v DiNapoli, 223 AD3d at 1076; Matter of Frederick v New York State Comptroller, 204 AD3d at 1293). Likewise, we defer to respondent's determination that petitioner's less than forthcoming testimony — suggesting that he remained at home for his August 2016 vacation when he had reported to his treating physicians that he was taking a three-week European vacation — impugned his credibility and suggested that he had likely embellished his symptoms (see Matter of Kubala v New York State & Local Retirement Sys., 220 AD3d 993, 994 [3d Dept 2023]; Matter of Verille v Gardner, 177 AD3d 1068, 1070 [3d Dept 2019]).
Petitioner claims that respondent should not have relied on the report of the Retirement System's orthopedist, who did not testify, because he was not afforded an opportunity to cross-examine her. However, at the initial hearing, petitioner consented to the introduction of this report along with all of the medical records submitted by the Retirement System, thereby waiving any objection to the admission into evidence and consideration of that report (see Matter of Cuttino v New York State Comptroller, 80 AD3d 1067, 1068[*3][3d Dept 2011]; see also Matter of Dowling v Gardner, 198 AD3d 1056, 1057 [3d Dept 2021], lv denied 37 NY3d 919 [2022]). Moreover, by statute, the report of the Retirement System's independent physician "shall be admissible in evidence upon any hearing before the [C]omptroller or in connection with any examination or investigation conducted by him" (Retirement and Social Security Law § 74 [e]). In addition, while there is a limited right to cross-examine witnesses in an administrative proceeding (see Matter of Gordon v Brown, 84 NY2d 574, 578 [1994]), petitioner was aware that the orthopedist's report was in evidence and that the Retirement System was both relying on that report and might not call her as a witness, and he declined an opportunity to call her as a witness. He therefore waived any claims regarding cross-examination (see Matter of Kutzma v New York State Comptroller, 90 AD3d 1291, 1292 [3d Dept 2011]; Matter of Murray v New York State Comptroller, 84 AD3d 1681, 1682 [3d Dept 2011]).
As substantial evidence supports respondent's denial of petitioner's application, it will not be disturbed (see Matter of Habaibeh v DiNapoli, 223 AD3d at 1076; Matter of Frederick v New York State Comptroller, 204 AD3d at 1293). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: The New York State and Local Retirement System conceded that the injuries were the result of an act of an inmate for purposes of qualifying for performance of duty disability retirement benefits under Retirement and Social Security Law § 607-c (a).