■ In the Matter of Steven C. Kratunis, Petitioner, v Thomas P. DiNapoli, as State Comptroller, Respondent. [876 NYS2d 189]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner, a plant utility engineer at Stony Brook University Medical Center in Suffolk County, retired from his position in 2004 due to a heart condition. He thereafter filed an application

for disability retirement benefits pursuant to Retirement and Social Security Law article 15. His application was initially denied and he requested a hearing. At the conclusion of the hearing at which both he and the New York State and Local Employees' Retirement System presented evidence, the Hearing Officer denied his application on the ground that he did not demonstrate that he was permanently incapacitated from the performance of his duties. Respondent accepted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

We confirm. "To establish entitlement to disability retirement benefits under Retirement and Social Security Law article 15, petitioner is required to establish permanent incapacity from performing the duties of his regular employment" (*Matter of Regan v New York State & Local Employees' Retirement Sys.*, 14 AD3d 927, 928 [2005], *lv denied* 4 NY3d 709 [2005] [citation omitted]; *see Matter of Hall v McCall*, 2 AD3d 1026, 1026 [2003]). In this regard, it is important to note that respondent is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one medical expert over that of another (*see Matter of Merring v Hevesi*, 29 AD3d 1202, 1202-1203 [2006]; *Matter of Hall v McCall*, 2 AD3d at 1027). Respondent's determination will be upheld "if supported by credible evidence 'in the form of an articulated, rational, and fact-based medical opinion' " (*Matter of Hoehn v Hevesi*, 14 AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005], quoting *Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 148 [1997]).

In the case at hand, conflicting medical evidence was presented concerning the extent of petitioner's disability. The cardiologist who examined petitioner on behalf of the Retirement System gave extensive testimony regarding his examination of petitioner and the seriousness of his condition, opining that petitioner was not permanently incapacitated from performing his duties as a plant utility engineer. Respondent chose to credit this testimony over the medical reports of petitioner's treating physicians. Inasmuch as respondent's determination was based upon the articulated, rational and fact-based opinion of the Retirement System's cardiologist, we decline to disturb it.

Mercure, J.P., Peters, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.