■ In the Matter of SABINA SALIK, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [892 NYS2d 636]—

Kavanagh, J.

Petitioner, a keyboard specialist, applied for disability retirement benefits in September 2006, asserting that she was permanently disabled due to lower back and neck pain, as well as headaches and cervical radiculopathy. After her application was disapproved by respondent, petitioner requested a redetermination and a hearing was held. Following the hearing, a Hear-

ing Officer denied petitioner's application on the basis that she had failed to establish that she was permanently incapacitated from performing her job duties. The Comptroller made two supplemental findings of fact and a supplemental conclusion of law, but otherwise accepted the Hearing Officer's determination. This CPLR article 78 proceeding ensued.

We confirm. A petitioner bears the burden of proving that he or she is permanently incapacitated from performing the duties associated with his or her employment (*see Matter of Dingee v DiNapoli*, 56 AD3d 876, 876 [2008]; *Matter of Swack v Hevesi*, 30 AD3d 853, 854 [2006]). "If conflicting medical evidence is presented on this issue, [the Comptroller] is vested with the authority to resolve such conflict and to credit the opinion of one expert over that of another" (*Matter of Hall v McCall*, 2 AD3d 1026, 1026-1027 [2003] [citations omitted]). The Comptroller's determination in that regard will be upheld if it is supported by substantial evidence in the form of a rational and fact-based, articulated medical opinion (*see Matter of Kratunis v DiNapoli*, 60 AD3d 1250, 1251 [2009]; *Matter of Hoehn v Hevesi*, 14 AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005]).

Here, although one of petitioner's treating physicians opined that petitioner was permanently disabled, two others concluded that she was not permanently incapacitated from performing her job duties. A medical examiner who evaluated petitioner at respondent's request likewise observed that petitioner was not permanently disabled or unable to perform the functions of a keyboard specialist. Accordingly, insomuch as the expert opinions relied upon here were founded upon pertinent medical records and a physical examination of petitioner, we decline to disturb the Comptroller's decision (*see Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1267 [2009]; *Matter of Tracy v New York State & Local Employees' Retirement Sys.*, 58 AD3d 1006, 1007-1008 [2009]).

Cardona, P.J., Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.