■ In the Matter of ALBERTO R. EDDIE, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [898 NYS2d 724]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental disability and performance of duty disability retirement benefits.

Petitioner, a 23-year veteran firefighter employed by the City of Yonkers in Westchester County, applied for accidental disability retirement benefits pursuant to Retirement and Social Security Law § 363 and performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 363-c, arising out of two unrelated incidents in which he was allegedly injured while engaged in his regular job duties. The New York State and Local Police and Fire Retirement System denied both applications. Following an administrative hearing, a Hear-

ing Officer determined that neither incident constituted a qualifying event for accidental disability retirement benefits and that petitioner was not permanently incapacitated from the performance of his duties as a firefighter. Respondent accepted the Hearing Officer's findings, and petitioner commenced this CPLR article 78 proceeding seeking review of respondent's determination.

Petitioner was required to prove that he was permanently incapacitated from performing his job duties both for the purpose of obtaining accidental disability retirement benefits (see Matter of Stern v DiNapoli, 57 AD3d 1076, 1077 [2008]; Matter of Wilson v New York State & Local Police & Fire Retirement Sys., 53 AD3d 762, 763 [2008]) and performance of duty disability retirement benefits (see Matter of Quigley v Hevesi, 48 AD3d 1023, 1024-1025 [2008]; Matter of Davenport v McCall, 5 AD3d 850, 851 [2004]). In determining whether that burden was met, respondent "is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one expert over another" (Matter of Rolandelli v Hevesi, 27 AD3d 945, 946 [2006]; see Matter of Macri v DiNapoli, 56 AD3d 936, 937 [2008]). Here, although petitioner's chiropractor opined that he was permanently incapacitated, neither his neurosurgeon nor his neurologist found any permanent disability. An orthopedic surgeon who examined petitioner and reviewed his medical records on behalf of the Retirement System found no objective evidence of disability, opining that petitioner's symptoms had resolved and that he was able to perform the duties of his position. " '[A]n expert opinion based on a review of medical records and a physical examination is generally credible evidence upon which respondent may rely' " (Matter of Schine v Hevesi, 40 AD3d 1362, 1363 [2007], quoting Matter of Harper v McCall, 277 AD2d 589, 590 [2000]). Respondent's determination was "supported by substantial evidence in the form of a rational and fact-based, articulated medical opinion" and, as such, will not be disturbed (Matter of Salik v New York State & Local Employees' Retirement Sys., 69 AD3d 1029, 1030 [2010]; see Matter of Kratunis v DiNapoli, 60 AD3d 1250, 1251 [2009]). Petitioner's remaining assertion that the two workplace incidents in which he was injured constituted qualifying events for accidental disability retirement benefits are rendered academic by this decision (see Matter of Weeks v New York State Comptroller, 68 AD3d 1427, 1429 [2009]; Matter of Mylchreest v Hevesi, 32 AD3d 648, 650 [2006]).

Peters, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.