In the Matter of EDWARD L. GIRSH, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondents. [913 NYS2d 806]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental disability and performance of duty disability retirement benefits.

Petitioner, a 27-year veteran police officer, reportedly sustained injuries to his back and left shoulder on August 27, 2003 when a shelving unit collapsed on him during the course of his regular job duties. Claiming that he was permanently incapacitated from the performance of his duties as a result, petitioner applied for accidental and performance of duty disability retirement benefits. The State Local Police and Fire Retirement System denied both applications. Following a hearing, the Hearing Officer determined, among other things, that while the August 2003 incident was conceded to be an accident, petitioner was not permanently incapacitated from the performance of his duties as a police officer. Respondent accepted the Hearing Officer's findings and denied the applications, resulting in this transferred CPLR article 78 proceeding.

As an applicant for accidental and performance of duty disability retirement benefits, petitioner bore the burden of "prov-[ing] that he [is] permanently incapacitated from performing his job duties" (*Matter of Eddie v DiNapoli*, 72 AD3d 1326, 1327 [2010]; *see Matter of Salik v New York State & Local Employees' Retirement Sys.*, 69 AD3d 1029, 1030 [2010]). Accordingly, petitioner submitted his own and a coworker's testimonies, as well as several medical records from his treating physicians, all supporting his claim of permanent incapacity as a result of the above accident. In denying the applications, respondent relied upon, among other things, the medical report of Robert Hendler, an orthopedist who examined petitioner on behalf of the Retirement System. Hendler opined that although petitioner

has a chronic lumbar spine condition, it does not prevent him from performing the duties of a police officer.*

Significantly, a determination issued by respondent will not be disturbed so long as it is supported by "substantial evidence in the form of a rational and fact-based, articulated medical opinion" (*Matter of Salik v New York State & Local Employees' Retirement Sys.*, 69 AD3d at 1030; *see Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1267 [2009]; *Matter of Johnson v New York State & Local Retirement Sys.*, 54 AD3d 1130, 1131 [2008]). In that regard, Hendler's medical opinion was based upon his physical examination of petitioner and his review of petitioner's medical records and tests, thus providing the type of fact-based conclusion that supports a finding of substantial evidence (*see Matter of Eddie v DiNapoli*, 72 AD3d at 1327; *Matter of Salik v New York State & Local Employees' Retirement Sys.*, 69 AD3d at 1030). While petitioner also provided medical proof supporting his applications, "respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (*Matter of Landgrebe v DiNapoli*, 77 AD3d 1047, 1048 [2010] [internal quotation marks and citation omitted]).

We have examined petitioner's remaining contentions and find them to be either unpersuasive or rendered academic in light of the above conclusions.

Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* We note that, at the hearing, it was disputed whether, prior to the August 2003 accident, petitioner's work duties would be considered "light duty" assignments or the unrestricted duties of a regular police officer. Although petitioner asserts that he was improperly deemed to be on light duty assignment and the opposing medical proof did not take into account his full duties, the Hearing Officer specifically found that petitioner's regular duties included strenuous activities, such as making arrests and subduing combative individuals. Further, in concluding that petitioner was not incapacitated from the performance of his duties as a police officer, Hendler did not qualify his opinion or indicate that petitioner was only capable of light duty assignments.