■ In the Matter of JOHN MELUCH, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM et al., Respondents. [915 NYS2d 343]—

Spain, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for ordinary disability retirement benefits and performance of duty disability retirement benefits.

In January 2005, petitioner, a firefighter, suffered an injury to his left knee that required surgery. He returned to full-duty work in May 2005. During a training exercise in April 2006, petitioner reinjured his knee and had further surgery in July 2006. Thereafter, petitioner applied for ordinary disability retirement benefits and performance of duty disability retirement benefits. When those applications were disapproved, petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer found that petitioner failed to establish that he was permanently incapacitated from performing his duties as a firefighter and denied the applications. Respondent Comptroller accepted the Hearing Officer's determination and this CPLR article 78 proceeding ensued.

We confirm. Initially, we reject petitioner's contention that the Comptroller improperly relied on a medical report prepared by orthopaedist John Mazella, retained by respondent New York State and Local Police and Fire Retirement System, who did not testify at the hearing and was not subject to cross-examination. Inasmuch as petitioner failed to object to the admission of the report (see Matter of Feldon v New York State Comptroller, 69 AD3d 1092, 1092 [2010], lv denied 15 NY3d 702 [2010]) and did not request to call Mazella as a witness (see State Administrative Procedure Act § 304 [2]; Matter of Gray v Adduci, 73 NY2d 741, 743 [1988]), we find that petitioner waived any objection to the admission and consideration of Mazella's report.

Turning to the merits, in support of his applications for disability retirement benefits, petitioner bore the burden of establishing that he is permanently incapacitated from performing his job duties (see Matter of Eddie v DiNapoli, 72 AD3d 1326, 1327 [2010]; Matter of Weeks v New York State Comptroller, 68 AD3d 1427, 1428 [2009]). Petitioner presented the medical reports and testimony of orthopedic surgeon William Thompson, who began treating petitioner following the April 2006 reinjury and testified that, due to the injury to the knee

which was not resolved by surgery, petitioner was permanently incapacitated from performing his job duties as a firefighter. In contrast, based upon his physical examination of petitioner in July 2007 and review of his medical records, Mazella found a satisfactory outcome following the 2006 surgery and concluded that there was no orthopedic disability precluding petitioner from working full duty as a firefighter. While petitioner contends that Mazella failed to review an MRI taken of petitioner following the 2006 surgery, we note that there is nothing in the record concerning the results of the postsurgical MRI and petitioner's expert did not make reference to it in either his testimony or medical reports. Accordingly, inasmuch as Mazella's opinion was rational, fact-based and made following a physical examination of petitioner and a review of his pertinent medical records, we conclude that the Comptroller's determination that petitioner failed to establish that he was permanently incapacitated is supported by substantial evidence and it will not be disturbed (*see Matter of Eddie v DiNapoli*, 72 AD3d at 1327; *Matter of Ragno v DiNapoli*, 68 AD3d 1342, 1343 [2009]).

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.