In the Matter of JOHN W. HODIO, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [923 NYS2d 375]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a police officer, injured his knee when he fell while ascending the precinct stairs at the end of his shift on a cold, snowy day. His applications for accidental and performance of duty disability retirement benefits were initially denied. After a hearing challenging the denial, the Hearing Officer determined that petitioner was not permanently incapacitated from performing his normal employment duties and that the precipitating incident did not constitute an accident as that term is used in the Retirement and Social Security Law. Respondent Comptroller accepted the findings and conclusions of the Hearing Officer and denied petitioner's applications. Petitioner thereafter commenced this CPLR article 78 proceeding.

With regard to both applications, petitioner was required to prove that he was permanently incapacitated from performing his job duties (see Matter of Girsh v DiNapoli, 79 AD3d 1444, 1444 [2010]; Matter of Eddie v DiNapoli, 72 AD3d 1326, 1327 [2010]). The Comptroller is vested with authority to resolve conflicting medical evidence in that regard and to credit one expert's opinion over that of another (see Matter of Girsh v DiNapoli, 79 AD3d at 1445; Matter of Stern v DiNapoli, 57 AD3d 1076, 1077-1078 [2008]). Here, a physician who examined petitioner and reviewed his medical records on behalf of respondent New York State and Local Retirement System submitted a report opining that petitioner had a satisfactory outcome from the reparative surgery and was not permanently disabled from the performance of his duties as a police officer. Accordingly, the Comptroller's determination is supported by substantial evidence and will not be disturbed, despite the existence of other evidence that may support a different conclusion (see Matter of Girsh v DiNapoli, 79 AD3d at 1445; Matter of Eddie v DiNapoli, 72 AD3d at 1327; Matter of Stern v DiNapoli, 57 AD3d at 1077-

1078). Based upon this decision, petitioner's remaining argument that the incident constituted an accident for purposes of accidental disability benefits need not be addressed (*see Matter of Eddie v DiNapoli*, 72 AD3d at 1327; *Matter of Achatz v New York State & Local Police & Fire Retirement Sys.*, 239 AD2d 857, 858 [1997]).

Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.