█ In the Matter of Steven H. Kaufman, Petitioner, v Kevin F. Murray, as Deputy State Comptroller, Respondent. [925 NYS2d 918]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner applied for accidental and performance of duty disability retirement benefits, claiming that he was unable to perform his duties as a police officer due to injuries sustained in several work-related accidents. Following the denial of his applications, petitioner sought a hearing and redetermination.

The Hearing Officer denied petitioner's applications, finding, among other things, that he was not permanently incapacitated from his work duties. The Comptroller accepted the findings and conclusions of the Hearing Officer and upheld the denial of petitioner's applications, prompting this CPLR article 78 proceeding.

In connection with both of his applications, petitioner was required to demonstrate that he was permanently incapacitated from the performance of his duties as a police officer (*see Matter of Girsh v DiNapoli*, 79 AD3d 1444, 1444 [2010]; *Matter of Eddie v DiNapoli*, 72 AD3d 1326, 1327 [2010]). Where, as here, the record contains conflicting medical evidence, it is within the exclusive authority of the Comptroller to weigh such evidence and assess the credibility of the medical experts (*see Matter of Girsh v DiNapoli*, 79 AD3d at 1445; *Matter of Eddie v DiNapoli*, 72 AD3d at 1327; *Matter of Stern v DiNapoli*, 57 AD3d 1076, 1077 [2008]). The record here contains opinions from medical experts indicating that petitioner's condition is degenerative in nature and that there is no evidence of acute injury related to his employment incidents that would prevent him from performing his work duties. Inasmuch as the medical experts credited by the Comptroller had conducted physical examinations of petitioner, reviewed the pertinent medical records and provided rational, fact-based opinions, the Comptroller's determination is supported by substantial evidence and we will not disturb it, despite the existence of proof that may support another conclusion (*see Matter of Girsh v DiNapoli*, 79 AD3d at 1445; *Matter of Caruana v DiNapoli*, 78 AD3d 1302, 1303 [2010]; *Matter of Stern v DiNapoli*, 57 AD3d at 1077). In view of our decision, petitioner's remaining contention is academic.

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.