◼ In the Matter of JOHN T. BROWNE, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [928 NYS2d 95]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a police officer, was injured in an accident while on duty in 2005. In 2007, he retired and subsequently filed applica-

tions for accidental and performance of duty disability retirement benefits. After his applications were initially denied, petitioner sought a hearing and redetermination. The Hearing Officer denied petitioner's applications, finding that he is not permanently incapacitated from the performance of his duties as a police officer. Upon review, respondent affirmed. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78.

As the applicant, petitioner bore the burden of establishing that he is permanently disabled from the performance of his employment duties (*see Matter of Girsh v DiNapoli*, 79 AD3d 1444, 1444 [2010]; *Matter of Ragno v DiNapoli*, 68 AD3d 1342, 1343 [2009]). Where conflicting medical evidence is presented, respondent is authorized to weigh the evidence and credit the opinion of one expert over that of another (*see Matter of Girsh v DiNapoli*, 79 AD3d at 1445; *Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006]). Petitioner submitted medical evidence indicating that, for workers' compensation purposes, he has a 30% schedule loss of use of his left shoulder as a result of the subject accident. Petitioner also submitted the report of a neurologist who opined that there was both subjective and objective evidence of radiculopathy due to cervical spine injury, indicating disability related to the subject accident. However, the New York State and Local Retirement System submitted the reports of John Mazella, an orthopedist, who, after examining petitioner and reviewing the relevant medical records, concluded that petitioner was not disabled and had a satisfactory outcome following shoulder surgery with no objective clinical findings to support his subjective complaints relative to his shoulder, neck or back. Inasmuch as Mazella's reports provide "substantial evidence in the form of a rational and fact-based, articulated medical opinion," respondent's determination is adequately supported and we will not disturb it, although the record also contains evidence that would support an alternate result (*Matter of Salik v New York State & Local Employees' Retirement Sys.*, 69 AD3d 1029, 1030 [2010]; *see Matter of Ragno v DiNapoli*, 68 AD3d at 1344; *Matter of Rolandelli v Hevesi*, 27 AD3d at 946).

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.