In the Matter of FRANCIS A. DELLA CAMERA, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [937 NYS2d 720]—

Kavanagh, J.

We confirm. "As an applicant for accidental and performance of duty disability retirement benefits, petitioner bore the burden of proving that he is permanently incapacitated from performing his job duties" (*Matter of Girsh v DiNapoli*, 79 AD3d 1444, 1444 [2010] [internal quotation marks and citations omitted]; *accord Matter of Wilkinson v DiNapoli*, 86 AD3d 851, 852 [2011]). To that end, petitioner submitted the medical reports of various treating physicians, in which they opined that petitioner was either partially or totally disabled at the time of their examination. None of these physicians, however, opined as to whether petitioner's disability was permanent. In contrast, the New York State and Local Retirement System submitted the report of physician John Mazella, who examined petitioner on its behalf. Based upon his examination of petitioner and review of his pertinent medical records, Mazella found both cervical and lumbar strains and concluded that petitioner "is not permanently disabled and is able to perform all the duties of the position of police officer."

Under circumstances such as these, where conflicting medical evidence is presented, "respondent is vested with the authority to resolve such conflict and to credit the opinion of one expert over that of another" (*Matter of Hall v McCall*, 2 AD3d 1026, 1027 [2003]; *accord Matter of Salik v New York State & Local Employees' Retirement Sys.*, 69 AD3d 1029, 1030 [2010]). Here, the expert opinion credited by respondent was rational, fact-based and made following a physical examination of petitioner and a review of his medical records. Accordingly, respondent's determination is supported by substantial evidence and it will not be disturbed (*see Matter of Meluch v New York State & Local Police & Fire Retirement Sys.*, 80 AD3d 976, 977 [2011]; *Matter of Fochi v New York State Comptroller*, 78 AD3d 1460, 1461-1462 [2010], *lv denied* 16 NY3d 707 [2011]).

Petitioner's remaining claims have been examined and found to be either unpersuasive or rendered academic in light of the above conclusions.

Mercure, A.P.J., Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.