■ In the Matter of JOHN N. KOSSIFOS, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [938 NYS2d 372]—

Peters, J.P.

We confirm. It is uncontroverted that petitioner is permanently disabled from performing the duties of a correction officer. Accordingly, in order to be entitled to performance of duty disability retirement benefits, petitioner must demonstrate that his disablement was "the natural and proximate result of an injury, sustained in the performance or discharge of his . . . duties by, or as the natural and proximate result of any act of any inmate" (Retirement and Social Security Law § 607-c [a]). To that end, petitioner submitted the medical report of Win Chang, a treating physician, who opined that petitioner suffers from "severe traumatic endstage osteoarthritis" related to his work injury. Petitioner also relies on two medical reports, based upon independent medical examinations, finding that he was disabled due to degenerative osteoarthritis that was aggravated by the August 2003 incident and that his symptoms were causally related to both the incident and his preexisting arthritis. In contrast, Eric Zitzmann, a physician who examined petitioner on behalf of the New York State and Local Retirement System, opined that the August 2003 incident only caused a temporary aggravation, and that "the competent and permanent cause of

his disability is the severe bilateral knee osteoarthritis aggravated by his marked increase in weight."*

"Where, as here, there is conflicting medical evidence, respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (*Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1267 [2009] [citation omitted]; *accord Matter of Wilkinson v DiNapoli*, 86 AD3d 851, 853 [2011]). Here, Zitzmann presented a rational and fact-based opinion, based upon his examination of petitioner and a review of the pertinent medical records, that petitioner's disability was caused by the progression of a degenerative arthritic condition which was unrelated to his employment. Accordingly, respondent's determination is supported by substantial evidence and it will not be disturbed, despite evidence in the record supporting a contrary result (*see Matter of Kaufman v Murray*, 85 AD3d 1534, 1535 [2011]; *Matter of Fochi v New York State Comptroller*, 78 AD3d 1460, 1461-1462 [2010], *lv denied* 16 NY3d 707 [2011]).

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

* Petitioner was 5 feet, 10 inches and weighed in excess of 300 pounds.