■ In the Matter of JAMES G. PENNACHIO, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [944 NYS2d 787]—

Lahtinen, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer for the City of Yonkers, Westchester County, was assigned to assist with search and rescue operations at the World Trade Center site on September 12, 2001. Shortly thereafter, he started receiving medical treatment for respiratory issues. Petitioner retired from his job in April 2008 and received line of duty retirement benefits and further sought disability retirement benefits. Ultimately, respondent denied petitioner benefits on the basis that he was not permanently incapacitated from the performance of his duties. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. Petitioner bore the burden of proving that he was permanently incapacitated from the performance of the duties associated with his employment (*see Matter of Camera v DiNapoli*, 92 AD3d 1019, 1020 [2012]; *Matter of Salik v New York State & Local Employees' Retirement Sys.*, 69 AD3d 1029, 1030 [2010]).* Notably, where the medical evidence is conflicting, respondent is vested with the authority to weigh the evidence and credit one expert's opinion over that of another (*see Matter of Camera v DiNapoli*, 92 AD3d at 1020; *Matter of*

---

* It should be noted that the "World Trade Center presumption," for which petitioner qualifies, entitles him to the presumption that any health impairment was incurred in the performance of his duty and was the natural and proximate result of an accident that was not caused by his own willful negligence, but does not shift the burden of proof with regard to permanent incapacity (*see* Retirement and Social Security Law § 363 [g] [1] [a]).

*Browne v DiNapoli*, 85 AD3d 1535, 1536 [2011]). Here, petitioner presented a medical opinion from his treating physician stating that he was totally and permanently disabled from the performance of his job as a police officer due to various respiratory conditions. However, a pulmonologist who performed an independent medical examination and thoroughly reviewed petitioner's medical records opined that he suffered from no significant impairment and met no criteria for disability. Accordingly, because the medical expert relied upon by respondent examined petitioner, reviewed his medical records and provided a rational, fact-based opinion, we find the determination to be supported by substantial evidence (*see Matter of Kossifos v DiNapoli*, 92 AD3d 1073, 1074 [2012]; *Matter of Kaufman v Murray*, 85 AD3d 1534, 1535 [2011]).

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

