◼ In the Matter of the Claim of Francisco Ortiz, Petitioner, v Thomas P. DiNapoli, as State Comptroller, Respondent. [951 NYS2d 271]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for performance of duty and accidental disability retirement benefits.

Petitioner, a police detective, applied for accidental and performance of duty disability retirement benefits in 2007, claiming that he is unable to perform his duties due to a back injury sustained in 1999 while assisting a colleague move a file cabinet up a flight of stairs. Following the initial denial of his applications, petitioner requested a hearing and redetermination. A Hearing Officer denied the applications, finding, among other

things, that although petitioner was incapacitated from the performance of his duties, he had not established that he was incapacitated as a result of an accident or a disability sustained in service. Respondent, among other things, adopted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

We confirm. Respondent relied on the medical opinion of John Mazella, a board-certified orthopaedist who examined petitioner on behalf of the New York State and Local Retirement Systems. Following a physical examination of petitioner and review of relevant medical records, Mazella ultimately concluded that, although petitioner was permanently disabled, the 1999 incident was not the competent producing cause of petitioner's disability, nor was it related to his occupation. Noting that petitioner had lost no time from work and continued on full duty status until 2007, Mazella opined that petitioner's disability was the result of developmental degenerative aging changes. Mazella's rational and fact-based medical opinion provides substantial evidence to support respondent's determination and therefore it will not be disturbed (*see Matter of Space v DiNapoli*, 96 AD3d 1226 [2012]; *Matter of Steinberg v DiNapoli*, 93 AD3d 1068, 1069 [2012]), despite the fact that there is other medical evidence in the record to support a contrary conclusion (*see Matter of Browne v DiNapoli*, 85 AD3d 1535, 1536 [2011]). In view of the foregoing, petitioner's remaining contention challenging the denial of his application for accidental disability retirement benefits is rendered academic (*see Matter of Ferris v DiNapoli*, 92 AD3d 1079, 1080 [2012]).

Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.