Peters, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent *1307 Comptroller which denied petitioner’s applications for performance of duty and accidental disability retirement benefits.
In 2007, petitioner, a police officer for the Port Authority of New York and New Jersey, applied for performance of duty, accidental disability and World Trade Center accidental disability retirement benefits. Respondent Comptroller denied the applications, concluding that petitioner was not permanently disabled from performing his work duties. Petitioner commenced this CPLR article 78 proceeding challenging that determination.
We confirm. “As an applicant for accidental and performance of duty disability retirement benefits, petitioner bore the burden of proving that he is permanently incapacitated from performing his job duties” (Matter of Girsh v DiNapoli, 79 AD3d 1444, 1444 [2010] [internal quotation marks and citations omitted]; accord Matter of Camera v DiNapoli, 92 AD3d 1019, 1020 [2012]). Petitioner presented the written reports and testimony of his treating psychiatrist and a Clinical social worker, who both began treating petitioner in, 2006. Both diagnosed petitioner as suffering from posttraumatic stress disorder delayed onset due to his experiences related to the September 11, 2001 terrorist attacks at the World Trade Center. Based upon this diagnosis, both witnesses concluded that petitioner was permanently disabled from performing his job duties. Petitioner also presented a written report from a police psychotherapist, who similarly diagnosed petitioner as suffering from posttraumatic stress disorder delayed onset and found him to be permanently incapacitated.
In contrast, respondent New York State and Local Police and Fire Retirement System presented the written report and testimony of a psychiatrist who performed an independent psychiatric evaluation of petitioner and reviewed his medical records on its behalf. The psychiatrist diagnosed petitioner with “major depressive disorder, single episode, mild, without psychotic features.” Based upon this diagnosis, which he considered treatable, he concluded that petitioner was not permanently disabled from performing his job duties.
“In situations where, like here, there are conflicting opinions as to whether petitioner is permanently disabled, it is well settled that [the Comptroller] is vested with the authority to resolve conflicts in the medical evidence and to credit one expert’s opinion over that of another” (Matter of Brady v DiNapoli, 77 AD3d 1041, 1042 [2010] [internal quotation marks and citations omitted]; see Matter of Weeks v New York State Comptroller, 68 AD3d 1427, 1428 [2009]). Inasmuch as the Retirement System’s expert provided a rational and fact-based *1308 opinion, founded upon an examination of petitioner and a review of his medical records, the Comptroller’s determination is supported by substantial evidence and will not be disturbed, despite evidence in the record that might support a contrary result (see Matter of Kossifos v DiNapoli, 92 AD3d 1073, 1074 [2012]; Matter of O’Connor v DiNapoli, 89 AD3d 1367, 1368 [2011]).
Stein, Spain and Garry, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.