Lahtinen, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s applications for performance of duty and accidental disability retirement benefits.
In 2008, petitioner, a police chief, applied for accidental and performance of duty disability retirement benefits, claiming that he is permanently disabled due to lower back injuries and acute anxiety stemming from three incidents occurring in 1986, 1994 and 1998. After the initial denial of his applications, petitioner requested a hearing and redetermination. At the hearing, petitioner conceded that the 1986 and 1994 incidents were not accidents within the meaning of the Retirement and Social Security Law. Additionally, the New York State and Local Police and Fire Retirement System conceded that the 1998 incident, whereupon petitioner alleged that he sustained back injuries when his chair collapsed under him, was an accident within the *1013 meaning of the appropriate statutory provision. Subsequently, the Hearing Officer recommended that petitioner’s applications be denied on the basis that he failed to meet his burden of proving that he was permanently incapacitated from performing his employment duties. Respondent accepted the Hearing Officer’s findings and denied the applications, prompting the commencement of this CPLR article 78 proceeding.
We confirm. “As an applicant for accidental and performance of duty disability retirement benefits, petitioner bore the burden of proving that he is permanently incapacitated from performing his job duties” (Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307 [2013] [internal quotation marks and citation omitted]; see Matter of Camera v DiNapoli, 92 AD3d 1019, 1020 [2012]). Here, the record reflects that the Hearing Officer reviewed the reports and testimony of numerous physicians who examined petitioner and noted the inconsistency regarding their conclusions as to, among other things, the degree of petitioner’s disability, objective findings as to pain, his ability to continue working and permanency. Ultimately, the Hearing Officer credited the reports of physicians Mark Kramer and John Mazella, who examined petitioner on behalf of the Retirement System. Notably, in concluding that petitioner could still function as a police chief, Kramer reported that, despite petitioner’s numerous injuries to his lower back, his medical examination in 2000 failed to disclose significant objective findings and petitioner’s complaints of pain were not substantiated by diagnostic tests. Additionally, based upon his examination of petitioner in 2009 and review of his relevant history and records, Mazella diagnosed petitioner with, among other things, a lumbar strain/sprain without clinical radiculitis and osteoarthritis in his left hip and concluded that petitioner is not permanently incapacitated from the performance of his duties as a result of either of these conditions. “Under circumstances such as these, where conflicting medical evidence is presented, respondent is vested with the authority to resolve such conflict and to credit the opinion of one expert over that of another” (Matter of Camera v DiNapoli, 92 AD3d at 1020 [internal quotation marks and citation omitted]; see Matter of Browne v DiNapoli, 85 AD3d 1535, 1536 [2011]). Thus, regardless of the presence of proof in the record that could support a contrary conclusion, inasmuch as there is substantial evidence supporting respondent’s determination, we find no basis to disturb it (see Matter of Ortiz v DiNapoli, 98 AD3d 1224, 1225 [2012]; Matter of Browne v DiNapoli, 85 AD3d at 1536).
Petitioner’s remaining contentions have been examined and found to be unpersuasive under the circumstances.
*1014 Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.