In the Matter of NICHOLAS G. OCCHINO, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, et al., Respondents. [984 NYS2d 490]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as an officer with the Suffolk County Police Department for over 20 years, when, in June 2008, a pick-up truck collided head-on with his police vehicle and he sustained injuries to his back, neck, knees, right wrist, left arm and left shoulder. Respondent New York State and Local Police and Fire Retirement System thereafter denied petitioner's application for accidental disability retirement benefits on the ground that he was not permanently incapacitated from the performance of his duties. Following a hearing, a Hearing Officer affirmed the denial of benefits and respondent Comptroller upheld that determination. Petitioner then commenced this CPLR article 78 proceeding to challenge the Comptroller's determination.

We confirm. As an applicant for accidental disability retirement benefits, petitioner bore the burden of establishing that he was permanently incapacitated from performing his duties as a police officer (*see Matter of Cantelmo v New York State Comptroller*, 105 AD3d 1306, 1307 [2013]; *Matter of Cooke v DiNapoli*, 96 AD3d 1340, 1341 [2012]). The Comptroller is vested with the authority to resolve conflicts in the medical evidence and to credit the opinion of one expert over another, and its determination will not be disturbed when supported by substantial evidence (*see Matter of Cantelmo v New York State Comptroller*, 105 AD3d at 1307; *Matter of Loysen v New York State & Local Retirement Sys.*, 100 AD3d 1168, 1169 [2012]).

Here, petitioner presented the testimony of his treating physician who diagnosed petitioner with, among other things, multiple disc herniations in his lumbar and cervical spine and a

meniscus tear in his left knee, and opined that petitioner was permanently disabled from performing his duties as a police officer. In contrast, the Retirement System presented the testimony of an orthopedic surgeon who reviewed petitioner's medical records and performed an independent medical examination. He testified that his neurological exam of petitioner's neck and back were normal with full strength, that he had full range of motion in all areas and that any degenerative changes were age-related. He further stated that petitioner had a minor restriction in the movement of his left knee, but that it was stable, and the meniscus tear could be repaired with surgery. Accordingly, he opined that the examination was "remarkably normal" and that petitioner was not disabled from the performance of his duties. Inasmuch as the medical expert relied upon by the Comptroller "examined petitioner, reviewed his medical records and provided a rational, fact-based opinion, we find the determination to be supported by substantial evidence" (*Matter of Pennachio v DiNapoli*, 95 AD3d 1557, 1558 [2012]; *see Matter of Cantelmo v New York State Comptroller*, 105 AD3d at 1307-1308). Petitioner's remaining contentions have been examined and found to be without merit.

Peters, P.J., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.