McCarthy, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s applications for performance of duty and accidental disability retirement benefits.
Petitioner applied for accidental and performance of duty disability retirement benefits stemming from, among other things, back injuries he sustained in a 2001 automobile accident. Following the initial denial of the applications, a hearing and redetermination was requested. At the hearing, the New York State and Local Police and Fire Retirement System conceded that the 2001 incident was an accident within the meaning of the Retirement and Social Security Law and that it had occurred in the course of petitioner’s work as a police officer. The Hearing Officer subsequently found that petitioner had failed to demonstrate that he was permanently incapacitated from performing his employment duties. Respondent Comptroller adopted the Hearing Officer’s findings and denied the applications, prompting the commencement of this CPLR article 78 proceeding.
We confirm. “As an applicant for accidental and performance of duty disability retirement benefits, petitioner bore the burden of proving that he is permanently incapacitated from performing his job duties” (Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307 [2013] [internal quotation marks and citation omitted]; accord Matter of Pavone v DiNapoli, 114 AD3d 1012, 1013 [2014]). The Comptroller credited the report of neurologist James Storey, who noted that petitioner had a cervical disk herniation but nevertheless found no evidence of radiculopathy and no neurologic disability. Another neurologist agreed with Storey that no evidence existed to support a diagnosis of either neurological disability or radiculopathy. Thus, despite evidence in the record that could support a different result, these rational and fact-based opinions provide substantial evidence to support the Comptroller’s determination (see Matter of Pavone v DiNapoli, 114 AD3d at 1013; Matter of Seon Sook Park v McCall, 288 AD2d 603, 603-604 [2001]; cf. Matter of Rossi v New York State Comptroller, 55 AD3d 1125, 1126 [2008]).
Lahtinen, J.P, Rose, Egan Jr. and Lynch, JJ, concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.