*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   May 21, 2015                    519168
_____

In the Matter of EUGENE
    GUADAGNOLO,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                        Respondent.
_____

Calendar Date:   March 23, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Bartlett, McDonough & Monahan, LLP, White Plains (Sean
Dooley of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which denied petitioner's
applications for accidental and performance of duty disability
retirement benefits.

        At all times relevant to this proceeding, petitioner was
employed as a detective by the Village of Mamaroneck Police
Department in Westchester County.  On December 13, 2005,
petitioner and his partner were on foot patrol when petitioner
slipped and fell on what he described as black ice while crossing
a Village street, sustaining injuries to his lower back, coccyx

and both arms/elbows.  Petitioner remained out of work for approximately one year before returning to light duty in January 2007 and full duty in July 2007.  In the interim, petitioner applied for accidental disability retirement benefits based upon the December 2005 incident.  Following a hearing, respondent upheld the initial denial of petitioner's application, finding that the December 2005 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363.  Petitioner apparently did not commence a CPLR article 78 proceeding to challenge that determination.

On February 22, 2008, petitioner again slipped on black ice, this time while exiting the precinct and walking down a set of steps en route to resuming his patrol duties.  According to petitioner, he did not actually fall but, rather, sustained injuries to, among other things, his left shoulder while attempting to grab onto a nearby railing.  Although petitioner returned to full duty shortly after this incident, he subsequently elected to take a service retirement on May 30, 2008.

In the interim, petitioner applied for accidental and performance of duty disability retirement benefits based upon both the December 2005 and February 2008 incidents.  Following the initial denial of his applications, petitioner requested a hearing and redetermination.  At the start of the hearing, counsel for the New York State and Local Employees' Retirement System asserted that any consideration of the December 2005 incident was barred by principles of res judicata.  After eliciting testimony from petitioner and the Retirement System's expert and reviewing petitioner's voluminous medical records and evaluative reports, the Hearing Officer denied petitioner's applications, finding, among other things, that petitioner failed to demonstrate that he was permanently incapacitated from the performance of his duties.  Respondent upheld the Hearing Officer's decision, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.

We confirm.  "In connection with any application for accidental or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is

permanently incapacitated from the performance of his or her job duties" (Matter of Pellittiere v New York State & Local Police & Fire Retirement Sys., 121 AD3d 1143, 1144 [2014] [internal quotation marks and citation omitted]; see Matter of Griffin v DiNapoli, 117 AD3d 1355, 1356 [2014], lv denied 24 NY3d 903 [2014]; Matter of Pavone v DiNapoli, 114 AD3d 1012, 1013 [2014]; Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307 [2013]; see also Matter of Bates v New York State & Local Police & Fire Retirement Sys., 120 AD3d 872, 873 [2014]). Although the parties debate whether both the December 2005 and February 2008 incidents should be considered and, further, whether such incidents constitute accidents within the meaning of Retirement and Social Security Law § 363, these issues need not detain us, as petitioner is not entitled to either accidental disability retirement benefits (see Matter of Anderson v DiNapoli, 126 AD3d 1278, 1279 [2015]; Matter of Occhino v DiNapoli, 117 AD3d 1156, 1156 [2014]; Matter of Cooke v DiNapoli, 96 AD3d 1340, 1341 [2012]; Matter of Capraro v DiNapoli, 91 AD3d 1020, 1021 [2012]) or performance of duty disability retirement benefits (see Matter of O'Shaughnessy v New York State Comptroller, 105 AD3d 1197, 1198 [2013]; Matter of Dunn v DiNapoli, 96 AD3d 1223, 1224 [2012]; Matter of O'Keefe v DiNapoli, 89 AD3d 1364, 1364 [2011]) unless he is able to demonstrate permanent incapacitation. "Where, as here, there is conflicting medical evidence, [respondent] is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (Matter of Bates v New York State & Local Police & Fire Retirement Sys., 120 AD3d at 873 [internal quotation marks and citations omitted]; see Matter of Cepeda v New York State Comptroller, 115 AD3d 1146, 1146 [2014], lv denied 23 NY3d 906 [2014]; Matter of Pavone v DiNapoli, 114 AD3d at 1013).

In support of his respective applications, petitioner tendered numerous medical records and relied upon the opinions expressed by two orthopedic surgeons who evaluated and/or treated him with respect to the injury to his left shoulder. Jeffrey Dermksian, who initially evaluated petitioner on behalf of the Retirement System in 2009, opined that petitioner was permanently disabled at that time. Similarly, William Unis, petitioner's treating physician, concluded — first in August 2006 and again in

January 2010 – that petitioner was permanently incapacitated from performing his duties as a detective.  The opinions expressed by these physicians, however, predated petitioner's October 2010 surgery to repair the torn rotator cuff in his left shoulder.

John Mazella, who evaluated petitioner on behalf of the Retirement System, reached a contrary conclusion as to petitioner's asserted incapacitation.  Although Mazella evaluated petitioner in March 2010, i.e., before petitioner underwent surgery, Mazella thereafter reviewed petitioner's operative report and subsequent treatment records and issued a supplemental report in November 2011.  According to both Mazella's supplemental report and his testimony at the hearing, petitioner "underwent a successful arthroscopic procedure of his left shoulder" and, "despite [continuing] subjective complaints of pain," was not permanently incapacitated from performing his duties as a detective.  In this regard, Mazella testified that he was aware of petitioner's job duties and that, in his opinion, petitioner was capable of driving a patrol vehicle, firing his service weapon and pursuing and subduing a suspect.  Notably, Mazella observed that, based upon the relevant postoperative records, petitioner ultimately achieved "a full range of motion and functional strength" in his left shoulder – albeit with "pain with abduction past 90 degrees."  On this point, Mazella discounted petitioner's continued subjective complaints of pain, testifying that the goal of the underlying surgery was not to achieve a pain-free existence but, rather, to obtain a "functional return, in other words, [to be] able to do what [one] did before" the injury.

Inasmuch as Mazella's opinion was based upon an initial physical examination and a comprehensive review of petitioner's pertinent medical records (see Matter of Calhoun v New York State & Local Employees' Retirement Sys., 112 AD3d 1172, 1174 [2013]), his opinion provides substantial evidence to support the finding that petitioner was not permanently incapacitated from the performance of his duties (see Matter of Browne v DiNapoli, 85 AD3d 1535, 1536 [2011]).  Further, "[p]etitioner's criticisms of [Mazella's] opinion are based on the type of alleged deficiencies that presented a question of credibility for respondent to resolve" (Matter of Bull v McCall, 291 AD2d 628, 629 [2002];

Matter of Buczynski v New York State & Local Empls. Retirement
Sys., 291 AD2d 630, 630-631 [2002]).  Accordingly, we discern no
basis upon which to disturb respondent's denial of petitioner's
applications for accidental and performance of duty disability
retirement benefits.

McCarthy, J.P., Devine and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without
costs, and petition dismissed.




ENTER:


Robert D. Mayberger
Clerk of the Court