■ In the Matter of DENIS MCGARRY, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [61 NYS3d 699]—

Aarons, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.

Petitioner, a firefighter, applied for performance of duty disability retirement benefits claiming that he was permanently incapacitated and unable to perform his regular job duties due to an injury to his back. The application was denied by the New York State and Local Police and Fire Retirement System, and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer found that petitioner is not permanently incapacitated from performing his job duties and, upon review, respondent affirmed. This CPLR article 78 proceeding ensued.

We confirm. "In connection with any application for performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of

*Gonzalez v DiNapoli*, 133 AD3d 1078, 1078-1079 [2015] [internal quotation marks, ellipsis and citations omitted]; *see Matter of Guadagnolo v DiNapoli*, 128 AD3d 1246, 1247 [2015]). "In determining whether a person is permanently disabled, respondent may consider whether proper medical treatment is reasonably and safely available to correct the disability" (*Matter of Dingee v DiNapoli*, 56 AD3d 876, 877 [2008] [citation omitted]; *see Matter of Mondello v Beekman*, 78 AD2d 824, 824 [1980], *affd* 56 NY2d 513 [1982]).

Here, petitioner presented the opinions of Marc Habif, his chiropractor, and neurosurgeon Richard Radna. Radna diagnosed petitioner with isthmic spondylolisthesis that required two-level fusion surgery at L4-L5-S1. Radna further opined that such surgery required the insertion of permanent hardware anterior to the spine and that petitioner would never return to work as a firefighter. Habif opined that petitioner suffers from grade one L5-S1 spondylolisthesis and that decompression and fusion surgery on just L5-S1, even if successful, would not allow petitioner to return to his job.

In contrast, orthopedic surgeon John Mazella, who examined petitioner and reviewed his medical records on behalf of the Retirement System, diagnosed petitioner with chronic L5-S1 sciatic radiculopathy with underlying grade one L5-S1 spondylolisthesis. As opposed to Habif's testimony, Mazella opined that petitioner was not permanently incapacitated from performing his job duties inasmuch as single level decompression and fusion surgery at L5-S1 was a reasonably safe surgical procedure that could permit him to return to full duty as a firefighter. Mazella noted that this surgery was also recommended by two other physicians who examined petitioner and that this surgery, which requires using donor bone from petitioner's hip, was less complex and risky than the surgery recommended by Radna, which involved two level surgery and the insertion of hardware. According to Mazella, provided that petitioner regained his strength in a postsurgical rehabilitation program, he could then perform all the usual activities required of a firefighter. Inasmuch as respondent "is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one expert over another" (*Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006]; *see Matter of Pavone v DiNapoli*, 114 AD3d 1012, 1013 [2014]), substantial evidence supports respondent's determination that petitioner did not establish that he was permanently disabled because a safe surgical procedure exists that could alleviate his disability (*see Matter of Califano v DiNapoli*, 147 AD3d 1177, 1179 [2017];

*Matter of Wilkinson v DiNapoli*, 86 AD3d 851, 853 [2011]). Accordingly, the determination will not be disturbed. Petitioner's remaining contentions have been considered and found to be without merit.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.