■ In the Matter of JAMES DONLEY, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [61 NYS3d 181]—

Mulvey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.

On May 22, 2012, petitioner, a correction officer, suffered work-related injuries to his left elbow and left triceps while attempting to prevent an inmate from hanging herself within a holding cell. Thereafter, petitioner was assigned to permanent light-duty work. In December 2012, petitioner applied for performance of duty disability retirement benefits (*see* Retirement and Social Security Law § 607-c) alleging that he was permanently incapacitated from the performance of his duties as a result of the May 2012 incident. The application was denied on the ground that petitioner was not permanently incapacitated from the performance of his duties. Petitioner requested a hearing and redetermination, and, following a hearing, a Hearing Officer upheld the denial of the application. Respondent Comptroller accepted the findings and conclusions of the Hearing Officer, and this CPLR article 78 proceeding ensued.

We confirm. "In connection with any application for accidental or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (*Matter of Califano v DiNapoli*, 147 AD3d 1177, 1177-1178 [2017] [internal quotation marks and citations omit-

ted]; *see* Retirement and Social Security Law § 607-c). "Where, as here, there is conflicting medical evidence, [the Comptroller] is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (*Matter of Guadagnolo v DiNapoli*, 128 AD3d 1246, 1248 [2015] [internal quotation marks, brackets and citations omitted]; *accord Matter of Kossifos v DiNapoli*, 92 AD3d 1073, 1074 [2012]).

Petitioner testified that, after his injury, he underwent corrective surgery in July 2012 to reattach the triceps tendon and received approximately five months of physical therapy thereafter. Petitioner averred that, despite the surgery, he continued to experience pain and problems with his left elbow, and he described the various reasons why he is no longer able to perform the duties of a correction officer as a result of the injury to his left elbow. In support of his application for performance of duty disability retirement benefits, petitioner submitted numerous medical records and reports, including a report from his orthopedic surgeon, Neil Watnik, who performed the July 2012 surgery. Watnik reported that, although petitioner has full range of motion in his elbow, he continues to report pain and discomfort, and petitioner is therefore not capable of returning to full duty and is totally disabled. Similarly, Charles Totero, an orthopedic surgeon who conducted two independent medical examinations of petitioner for the purpose of workers' compensation benefits, found that petitioner could return to work with restrictions, but could not resume working in a regular duty capacity, although Totero also indicated that petitioner appeared to be self-restricting his range of motion during the second examination. Petitioner also submitted medical reports from two other physicians who had examined his left elbow and reached similar conclusions to those of Watnik and Totero. However, as the Hearing Officer noted, the findings of Totero, as well as one of the other physicians who concluded that petitioner was permanently incapacitated, were based upon their evaluation and/or treatment of petitioner's left elbow injury in addition to a right shoulder injury that petitioner had also sustained.

In contrast, respondent New York State and Local Retirement System presented medical reports and testimony from John Killian, an orthopedist who conducted an examination of petitioner and reviewed his relevant medical records in December 2013 and August 2014. Killian testified, consistent with his reports, that petitioner's range of motion and strength in his left elbow was equal to his right elbow and performed without complaints of pain. Killian stated that there was no ef-

fusion or excessive fluid in the elbow joint, thereby indicating an absence of inflammation. Killian concluded that, although petitioner had incidental sensitivity and a mild impairment of his left elbow, there was no evidence of significant structural defect, that petitioner's mild atrophy of the triceps muscle could be addressed through strengthening exercises and rehabilitation and that petitioner was not permanently impaired. Inasmuch as Killian's reports and testimony constituted a rational and fact-based medical opinion that was based upon an examination of petitioner and review of his relevant medical records, the Comptroller was entitled to credit the reports and testimony of Killian over the medical reports submitted by petitioner, and the Comptroller's determination is therefore supported by substantial evidence (*see Matter of Califano v DiNapoli*, 147 AD3d at 1179; *Matter of Aliperti v DiNapoli*, 138 AD3d 1378, 1379 [2016]). We therefore discern no basis to disturb the determination denying petitioner's application for performance of duty disability retirement benefits. Finally, we have considered petitioner's remaining contentions and find them to be either without merit or unnecessary to consider in light of our determination herein.

Peters, P.J., Garry, Egan Jr. and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.