Matter of Habaibeh v DiNapoli (2024 NY Slip Op 00216)

Matter of Habaibeh v DiNapoli

2024 NY Slip Op 00216

Decided on January 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

CV-22-1980
[*1]In the Matter of Khawlah Habaibeh, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:December 13, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ.

Law Office of Victor Aqeel, Windermere, Florida (Victor Aqeel of counsel), for petitioner.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondent.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for disability retirement benefits.
Petitioner was a teacher's aide responsible for supervising special needs children in various activities for a city school district. Following an incident on September 8, 2015 in which two students reportedly collided with her, petitioner had lumbar decompression surgery that left her with residual pain, loss of sensation and other complications, and she returned to work approximately one year later, without restrictions. About one month later, on October 5, 2016, students again ran into petitioner causing her to fall and sustain injuries, and she did not return to work, retiring in August 2017. Although additional surgery was recommended by her treatment providers, petitioner declined to have further surgery.
Petitioner applied for disability retirement benefits pursuant to Retirement and Social Security Law § 605, alleging that she was permanently incapacitated from performing her job duties due to the two incidents and the residual problems after her back surgery. The application was denied on the ground that she was not permanently incapacitated from the performance of her job duties. Following a hearing at which conflicting medical opinions were offered, her application was denied on the basis, among others, that she had not demonstrated permanent incapacitation from the performance of her duties as a teacher's aide, and, upon review, respondent upheld and adopted that determination. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. As it was undisputed that petitioner had more than 10 years of service, the sole issue at the hearing was whether she was permanently incapacitated from performing her duties as a teacher's aide (see Retirement and Social Security Law § 605 [b] [1]; [c]). To be entitled to disability retirement benefits, petitioner had the burden of proving that she is "physically . . . incapacitated for the performance of gainful employment, and that [she] was so incapacitated at the time [that she] ceased [her] performance of duties and ought to be retired for disability" (Retirement and Social Security Law § 605 [c]; see Matter of DeFazio v DiNapoli, 211 AD3d 1254, 1254 [3d Dept 2022]; Matter of Frederick v New York State Comptroller, 204 AD3d 1292, 1292-1293 [3d Dept 2022]).
In finding that petitioner was not permanently incapacitated from performing the duties of her teacher's aide position, the Hearing Officer and respondent credited the opinion of the orthopedic surgeon who examined her on behalf of the New York State and Local Employees' Retirement System. The orthopedist found no objective evidence of a neurologic condition that would indicate a permanent disability, concluding that petitioner was not permanently incapacitated and had engaged in symptom magnification. The [*2]orthopedist reviewed petitioner's medical records including the postsurgical reports, X-rays and normal MRIs and found that while she had sustained lumbar spinal sprain following the 2015 incident, it was surgically corrected and the exam of her left leg and lower back was unremarkable, with no complaints of radicular pain during the exam. The conclusion of no permanent incapacitation was based upon the further examination findings of no muscle atrophy or abnormality in her lower left extremities, no gross anatomical spinal/lumbar compression, instability or tenderness, no gross neurological findings and no evidence of a foot drop or advanced degenerative disc disease; the orthopedist explained why petitioner's range of motion was self-limited and her complaints of pain were not consistent with the objective findings. The orthopedist concluded that while some activities could trigger petitioner's symptoms, she could take her prescribed medication, function at work and avoid the symptoms.
Although petitioner's treating neurologist concluded that the 2015 surgery had been unsuccessful and that she was permanently incapacitated from performing her duties as a result of the incidents, respondent credited the contrary opinion of the Retirement System's orthopedist, which he found to be rational and fact-based, over that of her treating neurologist, explaining in detail the reasons for that credibility determination. Notably, petitioner's treating neurologist conceded that he had not reviewed her job description, relying on her account, whereas the Retirement System's orthopedist took into consideration a detailed description of her job duties. The Hearing Officer and respondent reviewed petitioner's written job description, which they found did not support her testimony that she was required to break up fights, chase students or move furniture, rendering irrelevant the limited concerns of the orthopedist for the Retirement System regarding her ability to perform such tasks. Moreover, respondent also properly considered and relied upon, in finding that she was not permanently disabled, the medical testimony of petitioner's treatment providers recommending that she have a second lumbar surgery, which was considered reasonably safe, to alleviate the pain in her lower back and left leg, which she had refused, apprehensive because the first surgery had been difficult (see Matter of McGarry v DiNapoli, 153 AD3d 1109, 1110-1111 [3d Dept 2017]; Matter of Califano v DiNapoli, 147 AD3d 1177, 1179 [3d Dept 2017]; Matter of Wilkinson v DiNapoli, 86 AD3d 851, 853 [3d Dept 2011].
"Where, as here, there is conflicting medical evidence, respondent is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (Matter of DeFazio v DiNapoli, 211 AD3d at 1255 [internal quotation marks and citations omitted]), and we accord deference to that credibility assessment where supported by substantial evidence (see Matter [*3]of Frederick v New York State Comptroller, 204 AD3d at 1293). "Given that the medical opinion[ ] credited and adopted by respondent [was] based upon physical examinations and review of relevant medical records and test results, his determination that petitioner failed to meet her burden of proof of establishing that she was permanently incapacitated from her [teacher's aide] job duties is supported by substantial evidence and will not be disturbed" (Matter of DeFazio v DiNapoli, 211 AD3d at 1255 [citations omitted]). We have considered petitioner's remaining contentions and find that they lack merit.
Garry, P.J., Lynch, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.